■ SEABREEZE MARINA AT SMITHTOWN, INC., Respondent, v. TOWN OF SMITHTOWN et al., Appellants, et al., Defendant.— In an action (1) to determine adverse claims of title to certain real property, (2) to recover damages for trespass (dredging, etc.) and (3) for injunctive and other relief, defendants Town of Smithtown and County of Suffolk appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County, entered January 6, 1965, as denied their motion to dismiss the first amended complaint insofar as the motion was on the ground that said pleading failed to state a cause of action (CPLR 3211, subd. [a], par. 7) in that it did not allege compliance with the statutory notice requirements of sections 50-e and 50-i of the General Municipal Law. On the appeal by Town of Smithtown, order, insofar as appealed from, affirmed, with $10 costs and disbursements. The town's time to answer is extended until 20 days after entry of the order hereon. On the appeal by County of Suffolk, order, insofar as appealed from, reversed, with $10 costs and disbursements; action as against the county severed; and first amended complaint as to the county dismissed. In our opinion no statutory notice of ·claim was necessary as a prerequisite to this action as against the town (*Fontana* v. *Town of Hempstead,* 18 A D 2d 1084, affd. 13 N Y 2d 1134). The action as against the county, however, is governed by section 52 of the County Law. That section encompasses an action in equity for a continuing wrong and damages, such as is here alleged (*Thomann* v. *City of Rochester,* 256 N. Y. 165). The plaintiff may not maintain an action against the county for equitable relief and damages without compliance with sections 50-e and 50-i of the General Municipal Law (cf. *Realty Assoc.* v. *Stoothoff,* 258 App. Div. 462). We pass on the matter as it now stands and express no opinion as to plaintiff's further remedies against the county. Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.

■ JAMES J. WARD, JR., an Infant, by His Guardian ad Litem, JAMES J. WARD, SR., et al., Respondents, v. CHARLES ANDERSON, Appellant.— In a negligence action by an infant plaintiff to recover damages for personal injury and by his father to recover damages for medical expenses, etc., defendant appeals from a judgment of the Supreme Court, Kings County, entered November 18, 1964 upon a jury verdict in favor of the infant plaintiff and his father for $30,000 and $1,500 respectively. Judgment, insofar as it is in favor of the plaintiff father, affirmed, without costs. Judgment, insofar as it is in favor of the infant plaintiff, reversed on the law and the facts; action as between said plaintiff and defendant severed; and a new trial as between them granted, with costs to abide the event, unless, within 30 days after entry of the order hereon, said plaintiff shall serve and file a written stipulation consenting to reduce to $17,500 the amount of the verdict in his favor and to the entry of an amended judgment accordingly, in which event the judgment, insofar as it is in favor of said plaintiff and as so reduced and amended, is affirmed, without costs. In our opinion, under all the circumstances, the verdict in favor of the infant plaintiff was excessive to the extent indicated. Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.