PATRICK MALCURIA et al., Respondents, v TOWN OF SENECA, Defendant, and COUNTY OF ONTARIO, Appellant.

Fourth Department, February 28, 1979

## APPEARANCES OF COUNSEL

*David C. Retchless* for appellant.

*Bond, McDonald & Toole (Frederick M. Toole* of counsel), for respondents.

## OPINION OF THE COURT

SCHNEPP, J.

In an action for injunctive and other relief to restrain defendants from discharging water upon plaintiffs' lands, defendant County of Ontario appeals from an order denying its motion for summary judgment. The motion to dismiss the complaint was made upon the grounds (1) that plaintiffs' claim was barred by section 52 of the County Law for failure to file a notice of claim and to allege compliance with sections 50-e and 50-i of the General Municipal Law and (2) that no duty was imposed on the county in relation to a highway owned and controlled by the Town of Seneca.

Plaintiffs claim that surface and subsurface water accumulates from a nearby State highway and surrounding lands, becomes obstructed in a highway ditch installed and maintained by the defendants along the west side of Gates Road, a town highway, and is thereby caused to flow onto plaintiffs' property through three culverts which were installed under the road by the defendants. Plaintiffs contend that this constitutes an illegal trespass and nuisance, destroys natural resources and environmental conservation and results in the appropriation of plaintiffs' property for public use without compensation. The only reference to damages in the complaint appears in the "WHEREFORE" clause, where plaintiffs seek an award of $10,000.

■ ■ Any claim or notice of claim against a county for damages arising at law or in equity must be made and served in compliance with section 50-e of the General Municipal Law and the action must be commenced pursuant to the provisions of section 50-i of the General Municipal Law (County Law, § 52; see *Boyle v Kelley,* 42 NY2d 88). Concomitantly, it is unnecessary to file a notice of claim in an equitable action seeking only injunctive relief *(Realty Assoc. v Stoothoff,* 258 App Div 462; cf. *Cooper v Morin,* 50 AD2d 32 [plaintiffs' claim for monetary relief was incidental to equitable relief sought]; but cf. *Seabreeze Marina at Smithtown v Town of Smithtown,* 25 AD2d 780 [plaintiff sought $1,375,000 damages as well as injunctive and declaratory relief]). The court in *Thomann v City of Rochester* (256 NY 165) held that, whenever damages are demanded in actions arising at law or in equity and enforceable or sought to be enforced at law or in equity, it is necessary that notice of claim be given when required by the language of the applicable statute. The *Realty Assoc. (supra)* court decided the question left open in the *Thomann (supra)* case, holding that an action may be maintained for injunctive relief despite a failure to comply with section 6-a of the County Law (predecessor of County Law, § 52).

Appellants' reliance on *Doran v Town of Cheektowaga* (54 AD2d 178) is misplaced. There, plaintiffs, who claimed that their property was rendered unusable because of flooded conditions which existed from time to time, filed a notice of claim and instituted an action against Erie County and others for monetary damages of $2,000,000 and for injunctive relief. The county moved to dismiss the complaint because service of the notice of claim took place more than 90 days after the claim

accrued. Citing with approval *Meruk v City of New York* (223 NY 271) and *Thomann v City of Rochester (supra),* the court dismissed plaintiffs' complaint and granted leave to replead (upon correction of their notice of claim), holding that plaintiffs were "required to file a notice of claim within 90 days of an instance of flooding and would be limited to damages caused by the flooding within the 90-day period preceding the date of filing the notice of claim" *(Doran v Town of Cheektowaga,* 54 AD2d 178, 182, *supra).* The court's analysis focused solely on the application of the statutory notice-of-claim requirements to plaintiffs' claim for damages.

■ We hold that if no notice of claim is filed pursuant to section 52 of the County Law and the complaint seeks both injunctive and monetary relief, the cause of action for damages is subject to severance and dismissal for failure to state a cause of action, leaving a viable cause of action for injunctive relief (CPLR 3212, subd [e]). Plaintiffs should not be permitted to frustrate the legitimate purposes of the notice-of-claim statutes (see *Winbush v City of Mount Vernon,* 306 NY 327, 333; see, also, *Prude v County of Erie,* 47 AD2d 111, 112) by grafting a claim for monetary damages to a claim seeking injunctive relief. Although the complaint before the court may be characterized as seeking only injunctive relief, plaintiffs may not maintain an action against the county for damages without compliance with sections 50-e and 50-i of the General Municipal Law, and their claim for damages is dismissed.

■ The County of Ontario has no obligation imposed by law to repair or otherwise maintain a town highway (Highway Law, §§ 102, 140), and any relief that may eventually be granted in this case may not impose upon the county the obligation to perform any duty beyond that mandated by subdivisions 2 and 6 of section 102 of the Highway Law. Plaintiffs allege that the defendants town and county installed the ditch along the west side of Gates Road and the three culverts under Gates Road through which the water is diverted to plaintiffs' lands. On this appeal from an order denying summary judgment, we assume that the allegations in the complaint are true (see 10 Carmody-Wait 2d, NY Prac, pp 632-633), and that the county undertook affirmatively to perform the acts which caused the flooding of the plaintiffs' lands. Upon the record before us we cannot say as a matter of law that plaintiffs are not entitled to injunctive relief against the county; and summary judgment was properly denied.

Accordingly, the order appealed from should be modified by dismissing the claim for damages, and, as modified, affirmed.

SIMONS, J. P., HANCOCK, JR., WITMER and MOULE, JJ., concur.

Order unanimously modified in accordance with opinion by SCHNEPP, J., and, as modified, affirmed, without costs.