■ WILLIAM F. LITTLE, JR., et al., Appellants, v COUNTY OF SUFFOLK, Respondent, and TOWN OF HUNTINGTON, Appellant.—In a negligence action to recover damages for personal injuries, etc., plaintiffs and defendant Town of Huntington separately appeal from (1) an order of the Supreme Court, Suffolk County, dated February 6, 1979, which granted the motion of the defendant County of Suffolk for summary judgment dismissing the complaint and all cross claims as against the said county and (2) a judgment of the same court entered February 26, 1979 upon the said order. Appeals from the order dismissed, without costs or disbursements (see *Matter of Aho*, 39 NY2d 241, 248). Judgment reversed, on the law, without costs or disbursements, and motion denied. The action arose out of an automobile accident which occurred on Round Swamp Road in the Town of Huntington, County of Suffolk. Plaintiffs' complaint alleges, *inter alia*, that the roadway was negligently constructed and maintained. Both the Town of Huntington and the County of Suffolk were named as defendants. The county moved for summary judgment, offering evidence that Round Swamp Road was not a county road and that Suffolk County did not exercise jurisdiction or control over it. No proof was presented as to whether the road was a "town

highway", as defined in subdivision 5 of section 3 of the Highway Law. In fact, the county's engineer, who testified at an examination before trial, was unable to characterize the road at all other than to say that it was not a county road. By statute, a county has general supervisory responsibility for the maintenance and repair of town highways (see Highway Law, § 102, subds 1, 6; § 139). It may therefore be liable for injuries sustained due to the hazardous condition of such a roadway (see *Tharrett v County of St. Lawrence,* 24 AD2d 700; cf. *Malcuria v Town of Seneca,* 66 AD2d 421). Since the county bore the burden of establishing its right to summary judgment (see, e.g., *Lamberta v Long Is. R. R.,* 51 AD2d 730), its failure to establish that Round Swamp Road was not a town highway was fatal to its motion. Accordingly, the motion for summary judgment should have been denied. Titone, O'Connor and Margett, JJ., concur.

Hopkins, J. P., concurs in the dismissal of the appeals from the order but otherwise dissents and votes to affirm the judgment, with the following memorandum: On the motion for summary judgment the defendant county proved that the highway in issue was not a county road. No opposing evidence was produced by the plaintiffs that in fact the highway was a county road. The affidavit submitted on behalf of the defendant town did not state that the highway was a county road, and it did not deny that in fact the highway was a town highway. A town is liable for damages resulting from defects in a town highway (see Highway Law, § 270; Town Law, § 65, subd 2)—a liability first created in 1881 (L 1881, ch 700; see *Rupert v Town of West Seneca,* 293 NY 421, 424-429). A county is liable only where by law it "has charge of the repair or maintenance of a road, highway, bridge or culvert" (Highway Law, § 139; *Woodcock v County of Niagara,* 52 AD2d 1087). No liability is thrust upon the county for defects in a town highway under subdivisions 2 and 6 of section 102 of the Highway Law, which provides for the general power placed in the county superintendent to visit and inspect town highways when requested in writing by the town superintendent, or to approve plans and specifications for the construction and maintenance of town highways. A county has no obligation imposed by law to repair or maintain a town highway *(Malcuria v Town of Seneca,* 66 AD2d 421, 424), and consequently, summary judgment in favor of the county dismissing the complaint was proper, unless the plaintiffs were able to show that the county had affirmatively undertaken the responsibility for the maintenance and repair of the town highway in issue. The plaintiffs in their opposing papers did not show such an affirmative undertaking by the county. The plaintiffs merely showed that the county supplied police to patrol vehicular traffic on all roads in the county. However, the plaintiffs claim damages arising from the defective construction and maintenance of the highway, not from any negligence of the county police. The liability sought to be enforced by the plaintiffs, accordingly, does not belong to the county. Hence, I would affirm the judgment.