■ ALFRED D'ULISSE et al., Respondents-Appellants, v TOWN OF OYSTER BAY et al., Respondents, and the COUNTY OF NASSAU, Appellant-Respondent. — In a negligence action to recover damages for personal injuries, etc., (1) the defendant County of Nassau appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Nassau County, dated July 9, 1980, which, *inter alia,* denied its cross motion for summary judgment dis-missing the complaint as against it, and (2) plaintiffs cross-appeal from so much of the same order as denied their motion (a) to compel the examina-tion before trial of defendant George Kunz, or of another knowledgeable official of the highway department of the Town of Oyster Bay, and the

production of documents relating to such examination, and (b) to obtain costs on the motion, including a reasonable attorney's fee. Order modified, by adding a provision that the denial of the plaintiffs' motion is without prejudice to renewal insofar as the motion requests an examination before trial of a knowledgeable official of the town's highway department and the production of documents relating to such examination, upon the completion of the examination of town employee Joseph Myrato. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Plaintiffs do not have the unfettered discretion as to whom they may depose, for it is the right of the municipality to determine which of its officers with knowledge of the facts underlying the litigation may appear for pretrial examination. It is only when it becomes apparent that the knowledge of the proffered official or officials is inadequate to produce testimonial and documentary evidence material and necessary to the prosecution of the action that plaintiffs may petition the court for production of additional witnesses (see *Consolidated Petroleum Term. v Incorporated Vil. of Port Jefferson,* 75 AD2d 611; *Glen 4912 Corp. v Strauss,* 44 AD2d 582). Special Term's denial of Nassau County's cross motion for summary judgment was proper because a county, by statute, has general supervisory responsibility for the repair and maintenance of town highways (see Highway Law, § 102, subds 1, 6; § 139). Thus, a county may be liable for injuries sustained as a result of a hazardous condition existing on a town highway even when it has not actively engaged in the highway's maintenance and repair (see *Little v County of Suffolk,* 73 AD2d 663, mot for lv to app dsmd 51 NY2d 768; *Tharrett v County of St. Lawrence,* 24 AD2d 700; cf. *Malcuria v Town of Seneca,* 66 AD2d 421). Titone, J. P., Mangano, Gulotta and Thompson, JJ., concur.