■ GEORGE McBRIDE, as Limited Administrator of the Estate of Jo ANNA McBRIDE, Deceased, Respondent, v CARLOS M. CANTERO et al., Appellants. (Appeal No. 1.) — Judgment reversed, on the law and facts, without costs, and new trial granted. Memorandum: In these actions, the jury found verdicts for plaintiff in the sum of $869,000 for the wrongful death of his wife and $28,500 for the wrongful death of his infant daughter, Deborah and apportioned liability at 60% to defendant and 40% to plaintiff's wife. The action arose out of a motor vehicle accident which occurred at the intersection of Plank Road and Route 250 in the Town of Webster. Traffic at the intersection was controlled by a signal, showing flashing yellow for Route 250 traffic, and flashing red for Plank Road traffic. Defendant Lockwood, driving a 10-wheeled dump truck loaded with some 18 tons of asphalt, was proceeding along Route 250, with the right of way as he approached the intersection within the speed

limit traveling at about 45 miles per hour. Plaintiff's wife was operating her car on Plank Road at the time. After stopping for the flashing red light, she proceeded to enter the intersection. Lockwood was 400 feet from the intersection when he first observed her car. After the car operated by plaintiff's wife entered the intersection, it appeared to "hesitate" or come almost to a full stop, continued on and then proceeded to make a U-turn substantially within the intersection and proceed back through it in the direction from which it had entered. Before the decedent's vehicle cleared the intersection a collision occurred in which plaintiff's wife and his daughter were instantly killed. On these facts not only is the verdict of the jury in the action seeking damages for wrongful death of plaintiff's wife excessive, but its findings on liability and apportionment in both actions are against the weight of the evidence. All concur, except Schnepp, J., who dissents and votes to affirm, in the following memorandum.

Schnepp, J. (dissenting). "In a wrongful death action the plaintiff is not held to as high a degree of proof as plaintiffs in personal injury actions * * * and is entitled to the benefit of every favorable inference which can be reasonably drawn from the evidence in determining whether a prima facie case has been made * * * Where reasonable minds may differ concerning legitimate inferences to be deduced from the evidence, it is for the jury to draw these inferences" (*Juiditta v Bethlehem Steel Corp.*, 75 AD2d 126, 136-137). Plaintiff's accident reconstruction expert testified that at least 8.6 seconds, and perhaps as much as 17.2 seconds, elapsed between the time the car began its U-turn and the moment of collision. The jury could have found from the evidence that Lockwood had more than sufficient time to avoid the accident and that he failed to significantly reduce his speed or timely apply his brakes. Although the conduct of plaintiff's wife was culpable, the inference can be drawn from the evidence that Lockwood recklessly disregarded the events transpiring before him in the intersection and that his conduct was the proximate cause of the accident. As such, the jury's apportionment of 60% of the culpable conduct to him is neither unreasonable nor against the weight of the evidence. I cannot find from this record that the verdicts are so palpably wrong that they could not have been reached on any fair interpretation of the evidence. Further, on the issue of the excessiveness of the verdict, it appears that at the time of her death Mrs. McBride was 38 years of age, in excellent health, with a life expectancy of 40.2 years and a work expectancy of 23.3 years. Her husband was 39 years of age and had a life expectancy of 34.5 years. Three children, 9, 12 and 14 years of age, survived her. She was employed in some fashion before and during her 17 years of marriage and earned $5,500 in the year before her death. In addition she ran the household, managed the budget and participated in family group activities. No testimony disputes the contribution that she made in her role as mother and housewife. The jury could have found that Mrs. McBride was a talented and devoted wife, mother and homemaker, that her basic priorities and concerns revolved around her family's welfare, and that she would have had a profound influence on her children's development. While this is a large verdict, damages in a case such as this are based on intangible pecuniary losses and cannot be fixed with precision, and the discretion of this court to order a new trial on the issue of damages should be exercised sparingly. Each case should be reviewed on its own merits. The verdict did not shock the conscience of the Trial Justice, who refused to reduce it, and I see no fair basis for interference with his discretion. I cannot conclude from this record that the jury's assessment of damages, a matter peculiarly within its discretion, has no basis in fact, resulted from sympathy, passion, prejudice or corruption, or that it is so excessive that it shocks the conscience (see,

generally, *Matter of De Long v County of Erie & City of Buffalo,* 89 AD2d 376 [Denman, J.]). (Appeal from judgment of Supreme Court, Monroe County, Bryant, J. — wrongful death action.) Present — Simons, J. P., Hancock, Jr., Doerr, Moule and Schnepp, JJ.