■ GEORGE M. MCBRIDE, as Administrator of the Estate of DEBORAH MCBRIDE, Deceased, Respondent, v MICHAEL BENTIVEGNA, Defendant, and RUSSELL W. LOCKWOOD et al., Appellants. (Appeal No. 2.) — Judgment reversed, on the law and facts, without costs, and new trial granted. Same memorandum as in *McBride v Cantero* (Appeal No. 1) (90 AD2d 979). All concur, except Schnepp, J., who dissents and votes to affirm, in the same dissenting memorandum as in *McBride v Cantero* (Appeal No. 1) (90 AD2d 979). (Appeal from judgment of Supreme Court, Monroe County, Bryant, J. — wrongful death action.) Present — Simons, J. P., Hancock, Jr., Doerr, Moule and Schnepp, JJ.

■ DAVID LIPS, Respondent, v TOWN OF HOLLAND, Defendant, and COUNTY OF ERIE, Appellant. — Order unanimously reversed, without costs, motion granted, and complaint dismissed as to defendant County of Erie. Memorandum: This appeal involves a personal injury action brought by plaintiff against both the Town of Holland and the County of Erie for the negligent construction and maintenance of Blanchard Road, a Town of Holland highway. Plaintiff was injured when his tractor struck a hole on Blanchard Road and went out of control, veering across the highway and striking a tree. It is undisputed that defendant County of Erie had no knowledge of the alleged defect in Blanchard Road prior to plaintiff's accident. Special Term erred in denying defendant County of Erie's motion for summary judgment. A county may only be liable for injuries occurring on a town highway where it breaches its statutorily imposed duties under subdivisions 2 and 6 of section 102 of the Highway Law (*Malcuria v Town of Seneca,* 66 AD2d 421). Special Term's reliance upon the Second Department's decision in *Little v County of Suffolk* (73 AD2d 663, mot for lv to app den 51 NY2d 768) is misplaced. *Little* held that a county may be found liable for the hazardous condition of a town highway where it neither exercised jurisdiction or control over the highway nor was notified of any needed repairs. The court based its decision on what it perceived to be the county's "general supervisory responsibility" over the maintenance and repair of town highways (Highway Law, § 102, subds 1, 6). The only two cases cited in *Little* to support the court's position on this (*Malcuria v Town of Seneca, supra; Tharrett v County of St. Lawrence,* 24 AD2d 700) do not, however, reach the same conclusion. *Malcuria,* decided by this court, expressly stated that a county could only be found liable under section 102 where it breached its duty under either subdivision 2 or 6; it does not hold that a county may be found liable because of an alleged breach of its "general supervisory responsibility" under subdivision 1. The Third Department's holding in *Tharrett* also does not support *Little* since the county's alleged liability in *Tharrett* was predicated upon its knowledge of a defective condition in the town highway, not any "general supervisory responsibility." Since Blanchard Road is a town highway and the County of Erie was not notified of any defect in the highway prior to plaintiff's accident, and there is no evidence of negligence on the part of the County of Erie, it is not liable for plaintiff's injuries (*Malcuria, supra*). Accordingly, Special Term's order denying defendant County of Erie's motion for summary judgment is reversed, the motion is granted and the complaint is dismissed as to defendant county. (Appeal from order of Supreme Court, Erie County, Marshall, J. — summary judgment.) Present — Simons, J. P., Hancock, Jr., Doerr, Moule and Schnepp, JJ.