OPINION OF THE COURT
Thomas E. Mercure, J.
Defendant Saratoga County seeks an order pursuant to CPLR 3211 (subd [a], par 7; subd [c]), granting summary judgment in favor of defendant County of Saratoga against the plaintiffs, dismissing the complaint on the ground that it fails to state a cause of action.
On March 14,1981, plaintiff, Maryann Luciano, the wife of plaintiff, Brian Brennan, allegedly sustained serious injuries arising out of an automobile accident at the intersection of Pauling Avenue and High Street located in the Town of Halfmoon, Saratoga County. Both of the highways are acknowledged as town highways. At the time of the accident, defendant Margaret I. O’Brien was proceeding north on Pauling Avenue and plaintiff Luciano was proceeding west on High Street. The intersection lacked any type of traffic control device.
*632 Plaintiffs’ underlying action against the County of Sara-toga (hereinafter County) alleges that the accident was caused, in whole or in part, by the County’s negligent design, construction, maintenance and supervision of the two town highways (supra). The County moves herein on two grounds:
(a) Plaintiffs have failed to demonstrate that the County had prior notice of the dangerous condition of the intersection above, and
(b) Because High Street and Pauling Avenue are allegedly part of the town’s highway system, the County claims no responsibility for the construction, maintenance or supervision of these roads.
It is the contention of the plaintiffs that the County has a statutorily imposed duty to construct, improve, repair and maintain all town highways within the County; and that it is a question of fact as to whether the County has breached this duty of care.
The issues against the County, more specifically, are that the County failed to determine the need for a traffic control device at the intersection at issue here, after conducting a signing program of town roads in 1976 and 1977 and being advised of a prior accident at said intersection, seven months prior to the instant accident. Plaintiffs aver that the County had or should have had knowledge of the unsafe character of the intersection; that it should have reviewed and updated its signing program; and negligently allowed the intersection to become obstructed.
The County of Saratoga has no obligation imposed by law to repair or otherwise maintain a town highway, except that mandated by subdivisions 2 and 6 of section 102 of the Highway Law. (Malcuria v Town of Seneca, 66 AD2d 421.) Section 102 of the Highway Law deals with the general powers and duties of county superintendents, and subdivisions 2 and 6 read as follows:
“2. Visit and inspect the county roads and county bridges of his county so often as shall be necessary, and whenever so directed by the department of transportation. Visit and inspect any specified city, town or village highway or bridge of his county when requested in writing by the town *633 superintendent, city or village mayor or whenever directed by the department of transportation and advise and direct the town superintendent or the appropriate city or village official how best to repair, maintain and improve such highway or bridge.”
“6. Approve plans and specifications and estimates for the erection and repair of bridges and the construction and maintenance of town highways.”
It is obvious from the statute above that to invoke the duty of the County, there must be some trigger mechanism, such as a writing, from the town requesting that the county superintendent visit and advise. Without such a mechanism, there is no duty on the part of the County.
Plaintiffs’ contention that the County had affirmatively undertaken the responsibility for maintenance and repair of the town highways in issue because it had undertaken a signing survey some six years prior to the accident herein and had failed to sign the intersection, is without merit. A signing survey, undertaken by the County, cannot be construed to be an affirmative undertaking with regard to the intersection in question where no sign was placed.
It is clear that what plaintiffs are really relying upon is the County’s “general supervisory responsibility” for the repair and maintenance of town highways. Plaintiffs’ reliance upon the Second Department’s decision in D’Ulisse v Town of Oyster Bay (81 AD2d 825) is misplaced. D’Ulisse held that a county may be found liable for the hazardous condition of a town highway where it neither exercised jurisdiction or control over the highway, nor was notified of any needed repairs. The court based its decision on what it perceived to be the county’s “general supervisory responsibility” over the maintenance and repair of town highways. (Highway Law, § 102, subds 1, 6.) The cases cited by the court to support its position are Little v County of Suffolk (73 AD2d 663, mot for lv to app dsmd 51 NY2d 768); Malcuria v Town of Seneca (supra); and Tharrett v County of St. Lawrence (24 AD2d 700). Little relied upon Malcuria and Tharrett, which do not reach the same conclusion.
Malcuria (supra), decided by the Fourth Department, expressly stated that a county could only be found liable under section 102 where it breached its duty under either *634 subdivision 2 or 6; it does not hold that a county may be found liable because of an alleged breach of its “general supervisory responsibility” under subdivision 1. The Third Department’s holding in Tharrett (supra) also does not support Little (supra) or D’Ulisse (supra) since the county’s alleged liability in Tharrett was predicated upon its knowledge of a defective condition in the town highway, not any “general supervisory responsibility”. This court cannot agree with the reasoning of the Second Department. (See Lips v Town of Holland, 90 AD2d 981.)
Since High Street and Pauling Avenue are town highways and the County of Saratoga was not notified of any defect at the intersection of said town highways prior to plaintiffs’ accident (the accident that occurred at the intersection some seven months before plaintiffs’ accident cannot be construed to be notice of a defect) and there is no evidence of negligence on the part of the County of Sara-toga, it is not liable for plaintiffs’ injuries.
Many municipalities have a prior written notice law similar to Saratoga County’s Local Law No. 3, which allegedly must be complied with before they can be held liable for injury to persons or property. This local law is strikingly similar to former section 341-a of the Village Law, which is now renumbered as section 6-628 and which was interpreted in Doremus v Incorporated Vil. of Lynbrook (18 NY2d 362.) In Doremus, the Court of Appeals stated (p 365), with regard to a defective stop sign that (a notice statute): “should not be stretched to cover a defective sign, pointing out that the statute puts a ‘harsh and extraordinary burden’ on an injured person and that its scope should not be extended * * * it is in derogation of the common law and we should not be at pains to write anything into it.”
In the instant action, plaintiffs’ allegations of negligence against the County do not refer to actual physical defects in the surface of a street, highway, bridge, culvert, sidewalk or crosswalk. Instead, plaintiffs allege that the County negligently failed to install traffic control devices by or near the intersection. Applying the rationale of Doremus {supra), Saratoga County Local Law No. 3 is inapplicable to this action.
*635 Defendant County of Saratoga’s motion for summary judgment is granted.