■ MARY A. LUCIANO et al., Appellants, v MARGARET I. O'BRIEN et al., Defendants, and COUNTY OF SARATOGA, Respondent. — Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered December 6, 1983 in Saratoga County, which granted defendant County of Saratoga's motion for summary judgment dismissing the complaint.

Plaintiff Mary Ann Luciano was allegedly injured when the automobile she was driving was struck by an automobile operated by defendant Margaret I. O'Brien. The accident occurred on March 14, 1981 at the intersection of Pawling Avenue and High Street in the Town of Halfmoon, Saratoga County. Luciano and her husband commenced this action against O'Brien, the Town of Halfmoon and the County of Saratoga. The gist of the actions against the two municipalities is negligent design, construction, maintenance and supervision of the highways. The county moved to dismiss the complaint as against it on the ground that High Street and Pawling Avenue are both town highways over which it has no jurisdiction or control. Special Term granted the motion and this appeal ensued.

Plaintiffs contend that the county had a statutorily imposed duty to safely construct and maintain the intersection of Pawling Avenue and High Street despite the fact that both highways are town highways. Section 102 of the Highway Law describes the general powers and duties of a county highway superintendent. Specifically, the statute provides that the superintendent shall: "1. Have general charge and supervision of the work of constructing, improving, repairing and maintaining all county roads, town highways and bridges within his county. * * * 6. Approve plans and specifications and estimates for * * * the construction and maintenance of town highways." Section 139 of

the Highway Law provides for liability against a county for acts of negligence in situations where it has, by law, charge of the repair or maintenance of a road. Plaintiffs' contention is that these statutes imposed a duty on Saratoga County and that a triable issue of fact exists on the issue of whether such duty was breached.

In our view, subdivision 1 of section 102 of the Highway Law must be read in conjunction with subdivision 2 of such statute which provided,[1] in pertinent part, that a county highway superintendent shall: "Visit and inspect any specified * * * town * * * highway * * * of his county when requested in writing by the town superintendent * * * or whenever directed by the department of transportation and advise and direct the town superintendent * * * how best to repair, maintain and improve such highway". These statutory provisions do not impose a duty on a county to safely maintain all town highways within its borders. Subdivision 1 of section 102 of the Highway Law simply gives the county general supervision over the construction and maintenance of highways within the county. Subdivision 2 of the statute provides the triggering mechanism. Where a request to inspect and advise is made to a county highway superintendent, a duty may arise. Moreover, if a county affirmatively acts, either on its own or pursuant to subdivisions 2 or 6 of section 102 of the Highway Law, it is under an obligation to do so in a reasonable manner. Here, plaintiffs have not alleged that the county visited, inspected or gave advice pursuant to subdivision 2 of section 102 of the Highway Law, or that a request to do so was made. Additionally, plaintiffs do not allege that the county affirmatively participated in the construction or maintenance of the highways in question. Finally, plaintiffs do not allege that the county approved any specifications or plans for construction or maintenance of the highways pursuant to subdivision 6 of section 102 of the Highway Law. Thus, it is apparent that, on the record before us, plaintiffs failed to establish a duty of care on the part of the county. We are aware of cases of the Appellate Division, Second Department, which, in similar cases, imposed a duty of care on a county (*D'Ulisse v Town of Oyster Bay,* 81 AD2d 825, 826; *Little v County of Suffolk,* 73 AD2d 663, 664, mot for lv to app dsmd 51 NY2d 768). To the extent that these cases are inconsistent,[2] we decline to follow them.

---

1. Subdivision 2 of section 102 of the Highway Law was amended effective May 23, 1983 (L 1983, ch 137, § 1). The language "or whenever directed by the department of transportation" has been deleted.

2. In neither of these cases is it clear that the plaintiffs did not allege some activity pursuant to subdivisions 2 or 6 of section 102 of the Highway Law on the part of the counties involved.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur. [121 Misc 2d 631.]

