■ LELAND J. NACK, JR., Respondent, v TOWN OF GHENT, Respondent, et al., Defendant, and COUNTY OF COLUMBIA, Defendant and Third-Party Plaintiff-Appellant. ROBERT C. DOLFAX, as Administrator of the Estate of TIMOTHY B. DOLFAX, Deceased, Third-Party Defendant. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered October 27, 1983 in Columbia County, which denied defendant County of Columbia's motion for summary judgment dismissing the complaint and all cross claims asserted against it.

On April 28, 1979, plaintiff was severely injured when the auto in which he was a passenger went out of control while traversing a sharp curve on Gahbauer Road in the Town of Ghent, Columbia County. Plaintiff commenced the instant action against, *inter alia,* the town and the county alleging negligent design, construction, maintenance and signing of Gahbauer Road in the area where the accident occurred. Examinations before trial established that Gahbauer Road was a town rather than a county highway and that the county had not participated in maintaining it. The county then moved for summary judgment dismissing the action and all cross claims asserted against it, contending that, under such circumstances, it owed no duty of care as a matter of law to highway users regarding such a town road not under its control. Special term denied the motion and this appeal by the county ensued.

The parties to this appeal agree that section 102 of the Highway Law is the controlling statute regarding the duties of a county to see to the safe construction and maintenance of town highways within its borders. Recently, this court, in *Luciano v O'Brien* (105 AD2d 1004), joined the Fourth Department (see *Lips v Town of Holland,* 90 AD2d 981) in concluding that without more, no such duty was imposed under the general county supervisory responsibilities set forth in subdivision 1 of section 102 (but see *D'Ulisse v Town of Oyster Bay,* 81 AD2d 825, 826).

It was pointed out in the *Luciano* decision (*supra*), however, that a county's duty of care regarding town roads may be triggered, *inter alia,* under subdivision 2 of section 102 when the

county highway superintendent "[v]isit[s] and inspect[s] any specified city, town or village highway" at the request of the appropriate local official and advises "how best to repair, maintain and improve such highway". There is evidence in the record, consisting of the deposition testimony of the engineer for the county highway department, from which the triers of the facts could find that the county department conducted a topographic survey of Gahbauer Road covering the accident scene at the request of the town, as a result of which a new design for the road was requested and right of way acquisition maps were prepared for the town. The record is insufficiently developed regarding what, if anything, was disclosed by the survey regarding any unsafe conditions of the existing highway, whether recommendations were made for redesign, whether the town acted upon them and the degree to which the road at the time of the accident conformed either to the 1969 survey or to the county's recommended redesign. It is sufficient for present purposes, however, that by its undertaking the above-described acts at the request of the town, a factual issue was presented regarding the creation of a duty of care on the part of the county which was sufficient to defeat the motion for summary judgment. That issue, along with the question of whether such a duty of care was breached and, if so, its role in causing the accident, will have to await resolution at trial.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.