■ JAMES OSBORN et al., Respondents, v WYATT CASSIDY et al., Respondents. (Action No. 1.) ROBERT FLECK et al., Respondents, v WYATT CASSIDY et al., Respondents. (Action No. 2) TOWN OF HUME, Third-Party Plaintiff-Respondent, v COUNTY OF ALLEGANY, Third-Party Defendant-Appellant. (Action No. 3.)—Order unanimously reversed, on the law, without costs, and motion granted. Memorandum: Special Term erred in denying the county's motion for summary judgment. To defeat a motion for summary judgment the opposing party must produce evidentiary proof in admissible form sufficient to require a trial of any material issue of fact on which he rests his claim (Zuckerman v City of New York, 49 NY2d 557). The county, as movant, submitted an affidavit by its Superintendent of Public Works who averred that the county did not design, construct or maintain Mills Mills Road; that prior to this litigation, the county had never received notice or complaint about any dangerous, defective or unsafe condition on the road, including its signing; and that the county had not received any written request from the town to visit or inspect the road where the accident occurred, nor were any plans, specifications, or estimates for construction or maintenance in that regard submitted to the county for approval. The town submitted nothing in opposition to the county's motion.

Summary judgment should likewise be granted on the merits. The town claims that the county has a statutorily imposed general, supervisory duty and responsibility over the maintenance and repair of Mills Mills Road pursuant to Highway Law § 102 (1), despite the fact that it is a town road. We disagree. The county may only be liable for injuries occurring on a town highway when it breaches its statutorily imposed duties under Highway Law § 102 (2) and (6) and may not be held liable pursuant to the general supervisory responsibility under subdivision (1) of that statute (Lips v Town of Holland, 90 AD2d 981). The general supervisory provisions do not impose a duty on a county to safely maintain all town highways within its border (Luciano v O'Brien, 105 AD2d 1004, 1005). (Appeal from order of Supreme Court, Allegany County, Sprague, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Green and Pine, JJ.