■ SEYMOUR SCHNEID et al., Appellants, v CITY OF WHITE PLAINS, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Gurahian, J.), dated August 18, 1988, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced the instant action, *inter alia,* to recover damages for personal injuries sustained by the plaintiff Seymour Schneid when he fell on Ivy Place, a paved pedestrian walkway located in, and maintained by, the defendant City of White Plains. It was alleged that his fall was caused by a defective condition in the pavement. The defendant moved for summary judgment dismissing the complaint based upon the plaintiffs' admitted failure to comply with White Plains City Code § 277 which provides, in pertinent part: "No civil action shall be maintained against the city and the city shall not be liable for damages or injuries to person or property sustained in any manner in consequence of: (a) *any street, highway, bridge, culvert, sidewalk, crosswalk or public parking area* being out of repair, defective, unsafe, dangerous or obstructed * * * unless written notice thereof relating to the particular place and condition was actually given to the commissioner of public works or filed in his office" (emphasis added).

In opposition to the defendant's motion, the plaintiffs argued that this section was inapplicable to the instant action

because Ivy Place was neither a dedicated public street nor a sidewalk but merely a paved pedestrian walkway. It was established that Ivy Place, although designated on the city map as a street, and utilized as a pedestrian walkway, was never dedicated a public street, nor utilized for vehicular traffic.

The Supreme Court granted the defendant's motion for summary judgment based on the plaintiff's failure to comply with White Plains City Code § 277. The court reasoned that since Ivy Place was designated as a public street on the map of the City of White Plains, was a paved pedestrian walkway, and had been used by the public for passage, the prior written notice provisions of White Plains City Code § 277 were applicable. We agree.

Although legislative enactments requiring prior written notification cannot be read expansively *(see, Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362), " 'that rule does not require that the words used be given an artificial, forced or unnatural meaning' " *(Englehardt v Town of Hempstead,* 141 AD2d 601, 602, quoting *Stratton v City of Beacon,* 91 AD2d 1018, 1019).* The ordinance in question expressly relates to streets and sidewalks which terms, when accorded their ordinary meanings, would include a paved path that was used by the public as a pedestrian walkway. In any event, a paved path over which the public has a general right of passage is within the meaning of the term "highway" *(see, Englehardt v Town of Hempstead, supra,* at 602; *Stratton v City of Beacon, supra;* 64 NY Jur 2d, Highways, Streets, and Bridges, § 1). Consequently, prior written notification of the alleged defect in the paved path known as Ivy Place was required for the plaintiffs to maintain this personal injury action against the defendant.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Kunzeman and Rubin, JJ., concur.