■ ANN MOLLAHAN, Respondent, v VILLAGE OF PORT WASHINGTON NORTH, Appellant, et al., Defendants.—In a negligence action to recover damages for personal injuries, the defendant Village of Port Washington North appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated June 10, 1987, as, upon renewal and reargument, denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and, upon renewal and reargument, the motion is granted, the complaint is dismissed insofar as it it asserted against the village, with prejudice, and the action against the remaining defendants is severed.

In this action to recover damages for personal injuries, the complaint alleged that on July 19, 1983, the plaintiff was injured when she fell on a defective sidewalk which the defendant Incorporated Village of Port Washington North had negligently failed to maintain. The complaint further alleged that prior written notice of the defective, unsafe and danger-

ous condition of the sidewalk was given to the village. As an affirmative defense in its answer, the village pleaded that it had never received actual written notice of the alleged defect prior to the plaintiff's accident, as required by Village Law § 6-628. Subsequently, the village moved for summary judgment dismissing the complaint on the ground of noncompliance with the prior written notice statute. By order dated March 4, 1987, the court granted the village's motion for summary judgment based on the unrefuted averments of the Village Clerk that she had diligently searched the complaint book, in which requests for sidewalk repairs are noted, but found no written notice relevant to the accident site.

The plaintiff then moved for reargument and renewal upon her counsel's subsequent discovery of the fact the Village Clerk did not maintain an "indexed record" of all written notices of street and sidewalk defects as required by Village Law § 4-402 (g). In response, the Village Clerk conceded this fact. However, she stated that the village had maintained copies of all notices, correspondence and communications concerning road and sidewalk complaints since March 30, 1980, albeit the copies were kept in various files and notebooks. For example, the "complaint book" referred to in the village's original motion papers consisted of three spiral notebooks containing, in chronological order, notations of telephone calls and other oral complaints made to the Village Clerk's office. The Village Clerk had previously reviewed the third volume, covering the period of June 1980 to April 14, 1987, without discovering a complaint pertaining to the sidewalk at issue. Additionally, commencing in March 1980 all written complaints concerning the condition of the roads and sidewalks in the village were kept in chronological order. Copies of notices of claims served on the village were maintained in an "insurance file". The latter file contained 12 notices of claim dating back to September 1977, none of which pertained to the location of the plaintiff's accident. After the plaintiff moved for leave to renew and reargue, the Village Clerk and Village Attorney searched through all the applicable files and records, including the prior notices of claim, and could find no prior written notice of the alleged defect. Notwithstanding the negative results of this good-faith search, the plaintiff argued that the Village Clerk's failure to strictly comply with Village Law § 4-402 (g) warranted summary judgment in the plaintiff's favor. Upon granting reargument and renewal, the court denied the village's motion for summary judgment, finding a triable issue of fact existed as to

whether prior written notice was received by the Village Clerk. We disagree.

Prior written notice required by Village Law § 6-628 is a condition precedent to maintaining an action against the village for a sidewalk defect resulting from nonfeasance, which the plaintiff is required to plead and prove (*Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 363, 365; *Donnelly v Village of Perry,* 88 AD2d 764; *see also, Cipriano v City of New York,* 96 AD2d 817, 818). The policy of this and analogous notification statutes (*see, e.g.,* Highway Law § 139; Town Law § 65-a; CPLR 9804) "is not to make it more difficult for a plaintiff to prove a case but largely 'to enable the city to prevent accidents by repairing or guarding defects or obstructions [in the streets], thus protecting the traveling public' " (*Martin v City of Cohoes,* 37 NY2d 162, 166, quoting from 19 McQuillin, Municipal Corporations § 54.108; *see· also, Holt v County of Tioga,* 95 AD2d 934). Cognizant that "fairness requires that the city maintain a record of written notices of defect received, open to the inspection of an injured party or his attorney, so that it may be readily ascertained and established whether the city has received notice with respect to a particular defect" (mem of Joint Legis Comm on Municipal Tort Liability, 1957 McKinney's Session Laws of NY [L 1957, ch 783, § 3], at 2153), the Legislature imposed a duty upon cities, towns, and villages to keep an "indexed record" of all such notices. The contents of the indexed record must include "the date of receipt of the notice, the nature and location of the condition stated to exist, and the name and address of the person from whom the notice is received" (General Municipal Law former § 50-g; Town Law former § 65-a [4]; Village Law former § 4-402).

The legislative intent for enacting a statutory duty to keep an indexed record of all written notices of defect can be discerned from the legislative history of General Municipal Law former § 50-g. This section imposed such a duty upon a city which, by charter, statute or local law, had insulated itself from liability for damages resulting from nonfeasance by requiring prior written notice of a defect as a condition precedent to bringing a cause of action. The Legislature enacted the statute, upon the recommendation of the Joint Legislative Committee on Municipal Tort Liability, apparently to remedy the uncertainty and difficulty an injured party encountered, after the prior written notice requirement went into effect, in attempting to discover if a city had received prior written notice of the defect. Noting that a city should be

liable if it had received notice of the defect and had neglected to repair it within a reasonable time, the Committee opined that "a person injured as a result of the defect should not be put to the uncertainty and difficulty of discovering whether the city has received written notice of the particular defect which now prevails" (mem of Joint Legis Comm on Municipal Tort Liability, 1957 McKinney's Session Laws of NY, at 2153).

In 1987, the Legislature amended, prospectively, the form in which indexed records were to be maintained. The amendment required notices of defect to be indexed by location *(see,* General Municipal Law § 50-g; Town Law § 65-a; Village Law § 4-402; Highway Law § 139) in order to further "assist injured parties in determining whether a claim can be filed and to enhance the municipalities' risk management and repair programs" *(see,* Governor's approval mem, 1987 NY Legis Ann, at 219; *see also,* mem of Senator Christopher Mega, 1987 NY Legis Ann, at 218). Based on the legislative history, it is clear that the purpose of the original recording legislation—including Village Law § 4-402 (former [g]), and the 1987 amendments —was to facilitate discovery so that an injured party could readily ascertain if an action could be maintained against the municipality.

Although Village Law § 4-402 (former [g]), the statutory provision applicable to this action, required the Village Clerk to maintain an indexed record of written notices of defect, the Legislature never provided that the Village Clerk's noncompliance with Village Law § 4-402 (former [g]) would render the requirements of Village Law § 6-628 inapplicable. It is a fundamental canon of statutory construction that a court may not, in order to make it more effective, read into the statute a provision which the Legislature did not see fit to enact *(see, Dryburgh v City of Rye,* 210 NYS2d 183; *Furman v Naldon Realty Corp.,* 210 NYS2d 140; McKinney's Cons Laws of NY, Book 1, Statutes § 73). The court must read statutes as they are written and, if the consequences seem unwise, unreasonable or undesirable, the argument for change is to be addressed to the Legislature, not to the courts *(Furman v Naldon Realty Corp., supra; see also, Pajak v Pajak,* 56 NY2d 394, 397). There is nothing in Village Law former § 4-402 to abrogate the well-established rule of Village Law § 6-628 that prior written notice to the village of a defective condition is a condition precedent to commencing a civil action against the village. Consequently, the court may not relieve a plaintiff of the burden of pleading and proving prior written notice.

However, a municipal party should never be rewarded for

breaching its statutory duty to keep an indexed record of all written notices it receives regarding the existence of a defective, unsafe, dangerous or obstructed condition, *inter alia,* in its streets and sidewalks. Since Village Law former § 4-402 was enacted to facilitate discovery, it would be consistent with the legislative intent to shift the burden of searching the cumbersome bookkeeping devices of the Village Clerk's office upon the defendant village to ascertain if written notice of the alleged defect had been received prior to the plaintiff's accident *(see, Shatzkamer v Eskind,* 139 Misc 2d 672; *Bair v City of New York,* 131 Misc 2d 734).* This result would not conflict with the principle that it is the plaintiff's duty and burden to establish that prior written notice of a defect was given *(see, Bair v City of New York, supra,* at 739). Absent an indexed record, the village must undertake the burden of conducting a diligent, good-faith search of its internal records. We note that CPLR article 31, and specifically the sanctions authorized by CPLR 3126, provides the appropriate mechanism by which a recalcitrant defendant may be compelled to engage in meaningful disclosure *(see, Shatzkamer v Eskind, supra,* at 676).

In the instant case, the Village Clerk and the Village Attorney voluntarily made a diligent and good-faith search of the internal records of the Village Clerk's office for a prior written notice of the alleged sidewalk defect. The results were negative. Moreover, it cannot be said that the files maintained by the Village Clerk were so numerous and voluminous that the absence of an "indexed record" would render any diligent, good-faith effort to locate a prior written notice of the subject defect unavailing. The plaintiff has not come forward with any proof to refute the only reasonable inference to be derived from the results of the village's diligent search of the Village Clerk's records, i.e., no written notice of the subject defect was given to the Village Clerk prior to the plaintiff's accident. Absent evidentiary facts to support a contrary inference, there is no issue of fact warranting a trial. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.