■ ANTHONY FATTORUSSO et al., Respondents, v CITY OF NEW YORK et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Huttner, J.), dated August 14, 1989, which granted the plaintiffs' motion to set aside a verdict in their favor and granted a new trial.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is denied, and the complaint is dismissed.

The infant plaintiff Anthony Fattorusso was allegedly injured when he was thrown from his bicycle after striking a metal pipe cap which protruded from the ground. The accident occurred on a concrete pathway which was located between a schoolyard and a public playground. The pathway was used to travel between two city streets and was also used as an entranceway to and from the playground.

Contrary to the trial court's determination, the issue of whether the pathway is a sidewalk did not present an issue of fact for the jury. Instead, the evidence clearly established, as a matter of law, that the pathway in question is a sidewalk within the purview of the pothole law which includes a "pedestrian walk or path" (Administrative Code of City of New York § 7-201 [c] [1] [b]). Since there is no dispute that the plaintiffs failed to establish compliance with the written notice requirements of the statute, a condition precedent to the plaintiffs' causes of action against the City, the defendants' motion for judgment as a matter of law should have been granted with respect to the City *(cf., Cipriano v City of New York,* 96 AD2d 817).

In addition, we conclude that the plaintiffs failed to establish a prima facie case against the defendant Board of Educa-

tion of the City of New York. There is no evidence in the record that the Board of Education, which was merely an abutting property owner, controlled, maintained or derived any special benefit from the pathway (see, Kiernan v Thompson, 137 AD2d 957, affd 73 NY2d 840). Therefore, it too was entitled to judgment as a matter of law.

In light of our determination, we need not address the parties' remaining contentions. Brown, J. P., Sullivan, Lawrence and Ritter, JJ., concur.