■ TIMOTHY L. MCDONALD, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 73378.)—Appeal by the claimant from a judgment of the Court of Claims (McCabe, J.), dated January 8, 1990.

Ordered that the judgment is affirmed, with costs, for reasons stated by Judge McCabe at the Court of Claims in his memorandum decision dated December 12, 1989. Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.

■ PETER RIVERS, Respondent, v CITY OF NEW ROCHELLE, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Wood, J.), entered April 11, 1990, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Laws requiring written notice of a condition before liability may arise for resulting injuries are to be strictly construed (see, Mollahan v Village of Port Washington N., 153 AD2d 881; Conlon v Village of Pleasantville, 146 AD2d 736; Barrett v City of Buffalo, 96 AD2d 709). New Rochelle City Charter § 127A provides that written notice of a snow or ice condition existing on a sidewalk, crosswalk, or street must be given to the Director of Public Works before the accident, and we are unpersuaded that there is any material distinction between the "exit walk" where the plaintiff alleges he fell, and the public walkways described in the City Charter. We previously have held that provisions similar to the one at bar cover any walkways over which the public has a general right of passage (see, Englehardt v Town of Hempstead, 141 AD2d 601). It is undisputed that no written notice relating to the "exit walk" where the plaintiff was allegedly injured was given to the defendant prior to the accident. Accordingly, summary judgment is granted to the defendant and the complaint is dismissed. Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.