■ JAMES A. LINK, as Conservator of the Property of PATRICIA GIBSON, Conservatee, Respondent, v COUNTY OF SUFFOLK et al., Appellants.—In an action to recover damages for personal injuries, (1) the defendant Town of Smithtown appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Brown, J.), dated April 6, 1990, as denied its motion for summary judgment dismissing the plaintiff's complaint insofar as it is asserted against it, and (2) the defendant County of Suffolk appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it and the cross claim of the defendant Town of Smithtown against it.

Ordered that the order is affirmed insofar as appealed from by the Town of Smithtown, without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as appealed from by the County of Suffolk, on the law, without costs or disbursements, the cross motion is granted, the complaint is dismissed

insofar as it is asserted against the County of Suffolk, the cross claim against the County of Suffolk is dismissed, and the action against the Town of Smithtown is severed.

We find that the Supreme Court properly denied the motion of the defendant Town of Smithtown for summary judgment. The affidavits submitted in support of the Town's motion failed to sufficiently establish its defense so as to warrant granting summary judgment in its favor (see, Daliendo v Johnson, 147 AD2d 312; see also, Frank Corp. v Federal Ins. Co., 70 NY2d 966).

However, the cross motion of the defendant County of Suffolk for summary judgment dismissing the plaintiff's complaint insofar as it is asserted against it and the cross claim of the Town of Smithtown against it should have been granted. The affidavit of the Suffolk County Map and Coordinate Supervisor of the Department of Public Works, which was submitted in support of the County's cross motion, sufficiently established the County's entitlement to summary judgment in this matter (see, Osborn v Cassidy, 119 AD2d 976). Neither the plaintiff nor the Town of Smithtown established the existence of a material triable issue of fact regarding their claims against the County (see, Zuckerman v City of New York, 49 NY2d 557). It has been held that a county is "only * * * liable for injuries occurring on a town highway when it breaches its statutorily imposed duties under Highway Law § 102 (2) and (6) and may not be held liable pursuant to the general supervisory responsibility under subdivision (1) of that statute" (Osborn v Cassidy, supra, at 976). Thompson, J. P., Miller, Ritter and Copertino, JJ., concur.