and fell on a passageway that led between two buildings from the street to a Village of Bronxville (hereinafter the Village) parking lot located behind the buildings. The Village moved to dismiss the complaint on the ground that the plaintiff had failed to allege and prove that the Village had been given prior written notice of the alleged defect.

Pursuant to Village Law § 6-628, prior written notice is a condition precedent to maintaining an action against the Village arising from a sidewalk defect (*see, Tyschak v Incorporated Vil. of Westbury,* 193 AD2d 670). Contrary to the plaintiff's argument, the passageway involved herein falls within the scope of the prior written notice provisions of the statute. This Court has previously "held that provisions similar to the one at bar cover any walkways over which the public has a general right of passage" (*Rivers v City of New Rochelle,* 178 AD2d 467; *also see, Schneid v City of White Plains,* 150 AD2d 549; *Kadlecik v Village of Endicott,* 174 AD2d 923; *Mendes v Whitney-Floral Realty Corp.,* 216 AD2d 540). Since the plaintiff has failed to allege or show that the Village had received prior written notice of the alleged defect, the complaint was properly dismissed insofar as asserted against the Village (*see, Giganti v Town of Hempstead,* 186 AD2d 627; *Mollahan v Village of Port Washington N.,* 153 AD2d 881).

We have examined the appellants' remaining arguments and find them to be without merit. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.

■ PATRICIA LOMBARDO et al., Respondents, v ISLIP PARTNERS COMPANY, Appellant. [644 NYS2d 985]

■ LONGACRE CORPORATION, Doing Business as SCHUELER & COMPANY, INC., Respondent, v BETTER HOSPITAL EQUIPMENT