■ RICHARD GARITO et al., Appellants, v TOWN OF KENT et al., Respondents. [678 NYS2d 137] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Putnam County (Hickman, J.), dated September 16, 1997, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

An accident occurred when the plaintiff Richard Garito drove into a cement island. The plaintiffs acknowledge that the cement island "exists wholly within Kent Shore Drive" in the Town of Kent (hereinafter the Town). The cement island was constructed and originally owned by South Lake Developers, a private entity. The Town took ownership and control of Kent Shore Drive in 1988.

Since the cement island exists wholly within the boundaries of Kent Shore Drive and that road is owned and controlled by the Town, there is no basis in the record to find that the County of Putnam (hereinafter the County) is responsible for its design or maintenance (*see, Stone v County of Rensselaer,* 226 AD2d 972; *Link v County of Suffolk,* 183 AD2d 703; *Schulman v City of New York,* 190 AD2d 663). Moreover, since the Town did not design or construct the cement island, it cannot be held liable for a design defect (*see, Hughes v Jahoda,* 75 NY2d 881, 883).

We further note that neither the Town nor the County had prior written notice of the purportedly dangerous condition (*see,* Town of Kent Code § 65-1; Local Laws, 1983, No. 6, of County of Putnam; *see, Forsythe-Kane v Town of Yorktown,* 249 AD2d 505; *Bacon v Arden,* 244 AD2d 940). Moreover, the records of the Town contained "no information on any other accidents ever having occurred at this location which involved the cement island" (*see, Melton v E.P.S. Hair Design,* 202 AD2d 649).

The plaintiffs' remaining contentions are without merit. Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.