■ ANDREW MORZELLO, Appellant, v VILLAGE OF BRIARCLIFF MANOR, Respondent. [688 NYS2d 679] —In an action to recover

damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Silverman, J.), entered April 17, 1998, which, upon submission by the parties of a stipulated set of facts, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff alleged that he was injured when he slipped and fell on a walkway that led from a parking lot to the Chilmark Recreation Center owned by the defendant, Village of Briarcliff Manor. The plaintiff alleged that the walkway was defective because the gradient of the lower portion of the walkway was steeper than prescribed by proper design standards and the bituminous material of which it was composed was slippery. Upon submission by the parties of stipulated facts, the Supreme Court granted the defendant's application to dismiss the complaint.

Pursuant to Village Law § 6-628, prior written notice was a condition precedent to maintaining an action against the defendant arising from the alleged walkway defect (*see, Lazzari v Village of Bronxville,* 228 AD2d 652; *Tyschak v Incorporated Vil. of Westbury,* 193 AD2d 670). Contrary to the plaintiff's contention, the subject walkway falls within the scope of the prior written notice provisions of the statute (*see, Lazzari v Village of Bronxville,* 228 AD2d 652, *supra*; *Rivers v City of New Rochelle,* 178 AD2d 467; *Fattorusso v City of New York,* 173 AD2d 768; *Schneid v City of White Plains,* 150 AD2d 549). Furthermore, the plaintiff's allegation that the defendant failed to properly maintain the walkway with respect to its grade or material constitutes an act of nonfeasance, and proof that the defendant did not receive prior written notice of the alleged defects constitutes a prima facie defense to this type of claim (*see, Garito v Town of Kent,* 254 AD2d 254; *Akley v Clemons,* 237 AD2d 780, 782).

To the extent that the plaintiff asserts that prior written notice was not required because the defendant had actual or constructive notice of the allegedly dangerous conditions, the plaintiff failed to show that the defects at issue were readily apparent or that the defendant had, shortly before the accident, either inspected the subject area for the purpose of discovering such defects or performed work thereon (*see, Akley v Clemons,* 237 AD2d, at 782, *supra*; *Jones v Town of Brookhaven,* 227 AD2d 530; *Blake v City of Albany,* 63 AD2d 1075, *affd* 48 NY2d 875).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.