LARRY ROONEY et al., Appellants, v STERLING METS, L.P., Defendant, and CITY OF NEW YORK, Respondent. [881 NYS2d 171]—

In an action, inter alia, to recover damages for personal

injuries, the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Queens County (Flug, J.), dated January 28, 2008, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York, and (2) an order of the same court dated August 1, 2008, as denied that branch of their motion which was for leave to reargue their opposition to the original motion.

Ordered that the appeal from the order dated August 1, 2008, is dismissed, as no appeal lies from an order denying reargument (*see Levy v Kung Sit Huie*, 54 AD3d 731, 732 [2008]); and it is further,

Ordered that the order dated January 28, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant City of New York.

On August 21, 2005, while walking on the paved area located immediately outside of Shea Stadium toward an adjacent parking lot, the plaintiff Larry Rooney allegedly tripped and fell when he stepped on a broken portion of the curb of the paved area. After the plaintiffs commenced this action and the parties conducted discovery, the defendants, inter alia, moved for summary judgment dismissing the complaint insofar as asserted against the City of New York on the ground that the City had no prior written notice of the alleged defective curb condition as required by Administrative Code of the City of New York § 7-201 (c) (2).

The City established its entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting evidence that the City had no prior written notice of the alleged defective curb condition (*see McCarthy v City of White Plains*, 54 AD3d 828, 829 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact as to the applicability of the prior written notice requirement to the facts of this case (*see* Administrative Code of City of NY § 7-201 [c] [1] [a], [b]; [2]; § 7-210 [d]; *Morzello v Village of Briarcliff Manor*, 260 AD2d 611, 612 [1999]; *Lazzari v Village of Bronxville*, 228 AD2d 652, 653 [1996]; *Rivers v City of New Rochelle*, 178 AD2d 467 [1991]; *Fattorusso v City of New York*, 173 AD2d 768 [1991]; *Schneid v City of White Plains*, 150 AD2d 549, 550 [1989]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City.

In light of our determination, we need not reach the plaintiffs' remaining contentions. Mastro, J.P., Fisher, Eng and Hall, JJ., concur.