■ RICHARD STRATTON et al., Respondents, v CITY OF BEACON, Appellant, et al., Defendant. — In a negligence action to recover damages for personal injuries, etc., defendant City of Beacon appeals from an order of the Supreme Court, Dutchess County (Leggett, J.), dated May 24, 1982, which denied its motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, defendant City of Beacon's motion for summary judgment is granted and the complaint is dismissed as to it. The complaint alleges that the infant plaintiff sustained personal injuries when she fell on broken glass and

other debris in a parking lot owned or maintained by defendant City of Beacon and/or defendant Beacon Community Development Agency. Defendant City of Beacon interposed an answer and moved for summary judgment pursuant to CPLR 3212, on the ground the plaintiffs did not plead compliance with section 114-A of the Charter of the City of Beacon. Section 114-A provides in part: "No civil action shall be maintained against the city for damages or injuries to persons or property sustained * * * in consequence of any street, highway, bridge, culvert, sidewalk, crosswalk, grating, opening, drain or sewer being * * * unsafe, dangerous or obstructed unless, previous to the occurrence resulting in such damages or injuries, written notice of the existence of * * * unsafe, dangerous or obstructed condition of the particular place shall have been filed in the office of the commissioner of accounts of the city" (L 1915, ch 547, § 9, as amd L 1920, ch 171, § 10, as amd by Local Laws, 1944, No. 1 of City of Beacon). We are aware that statutes such as section 114-A of the Charter of the City of Beacon are to be read strictly and that courts "should not [take] pains to write anything into" them (*Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362, 365). However, that rule does not require that the words used be given an artificial, forced or unnatural meaning. In our opinion section 114-A includes within its scope a municipal parking lot. In *People v County of Westchester* (282 NY 224, 228), the Court of Appeals quoted with approval from Elliot on Roads and Streets (§ 3, p 4), as follows: " 'If a way is one over which the public have a general right of passage, it is, in legal contemplation, a highway'." As the word parking implies, a municipal parking lot is primarily a place where vehicles are left stationary and unattended. Nevertheless, it is essential to the use for which it is provided that both cars and pedestrians have passageway on and through it. The complaint does not allege that any permit was required or obtained to park in the lot in question. Therefore, the municipal parking lot was one over which the public has a "general right of passage" and is thus within the meaning of the term "highway" (see *Ebert v Incorporated Vil. of Garden City,* 21 Misc 2d 607; *Goldstein v City of Long Beach,* 28 AD2d 558). To the extent section 114-A of the Charter of the City of Beacon requires written notice of a dangerous condition located on a "highway" to be filed with the commissioner of accounts prior to the accident as a condition precedent to the commencement of a civil action against the municipality, it is not in derogation of subdivision 4 of section 50-e of the General Municipal Law (see *Klimek v Town of Ghent,* 71 AD2d 359). A complaint which lacks an allegation of such notice is subject to a motion to dismiss for failure to state a cause of action (*MacMullen v City of Middletown,* 187 NY 37). Moreover, in support of the appellant's motion for summary judgment, an affidavit by the commissioner of accounts was submitted, in which the commissioner averred that a search of his file disclosed no written notice of the alleged dangerous condition (broken glass and debris) with regard to the municipal parking lot in question. The affirmation by plaintiffs' counsel, which named potential witnesses, is insufficient to rebut the commissioner's affidavit to the extent necessary to raise a triable issue of fact (see *Drzewiecki v City of Buffalo,* 51 AD2d 870). Accordingly, appellant's motion for summary judgment should have been granted and the complaint dismissed as to it. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.