(November 14, 1983)

■ VINCENT ABBATECOLA et al., Respondents, v TOWN OF ISLIP, Appellant, et al., Defendants. — In consolidated actions to recover damages for personal injuries, etc., the defendant Town of Islip appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated August 20, 1982, as denied its cross motion for summary judgment dismissing the complaint as to it. Order reversed insofar as appealed from, on the law, without costs or disbursements, cross motion granted and plaintiffs' complaint dismissed as to the defendant Town of Islip. The instant consolidated negligence actions were commenced by plaintiffs to recover damages resulting from the male plaintiff's fall in a hole in a sidewalk maintained by the defendant Town of Islip. The complaint alleged, *inter alia,* that the town had failed to repair the hole or properly warn of its existence but did not contain any allegations that the town had actually created the hole. In its answer the town alleged, *inter alia,* as an affirmative defense, that "the complaint fails to state a cause of action against the TOWN OF ISLIP by reason of [section 65-a] of the Town Law". Thereafter the town cross-moved for summary judgment dismissing plaintiffs' complaint as to it on the grounds that (1) the complaint failed to state a cause of action against it and (2), in the alternative, no issue of fact existed which would warrant a trial. Specifically, the town asserted in its motion papers (1) that the plaintiffs had failed to allege in the complaint that written notice specifying the particular place of the accident had been given to the proper town authorities as required by subdivision 2 of section 65-a of the Town Law and (2), in the alternative, that plaintiffs could not prove that such written notice had been given to the town. Special Term denied the town's cross motion for summary judgment. We reverse and grant summary judgment to the town. It is clear that the complaint, as drafted, comes within the purview of subdivision 2 of section 65-a of the Town Law, which provides in relevant part as follows: "No civil action shall be maintained against any town * * * for damages or injuries to person or property sustained by reason of any defect in its sidewalks * * * unless written notice thereof, specifying the particular place, was actually given to the town clerk or to the town superintendent of highways, and there was a failure or neglect to cause such defect to be remedied * * * within a reasonable time after the receipt of such notice". Under these circumstances, it was incumbent upon plaintiffs to both plead and prove that prior written notice had been given to the town (*Chamberlain v Town of Brighton,* 272 App Div 1037, affd 297 NY 944; *Barry v Niagara Frontier Tr. System,* 35 NY2d 629; *Todd v Pasquale,* 31 Misc 2d 996). The complaint does not contain an allegation that written notice was given to the town. Moreover, this omission was compounded when plaintiffs specifically stated in their bill of particulars that "[p]laintiffs make no claim of actual notice" and that only "constructive notice [was] chargeable" to the town. Under these circumstances the complaint did not state a cause of action against the town and was subject to dismissal (*Chamberlain v Town of Brighton, supra; Barry v Niagara Frontier Tr. System, supra*). Finally, in support of its cross motion for summary judgment, the town tendered "evidentiary proof in admissible form" (see *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067) which indicated that it had no record of any written notice with respect to the subject hole in the sidewalk (*cf. Scherm v Town of North Hempstead,* 45 AD2d 886). In opposition to the town's cross motion, it was incumbent upon plaintiffs to similarly come forward with proof indicating to the contrary, which would then have created an issue of fact and necessitated a trial (*Friends of Animals v Associated Fur Mfrs., supra; Di Sabato v Soffes,* 9 AD2d 297). On this record,

plaintiffs have failed to meet that burden. Damiani, J. P., Mangano, Gulotta and Brown, JJ., concur.