■ PEARL ZIGMAN et al., Respondents, v TOWN OF HEMPSTEAD, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated July 12, 1985, which denied its motion for summary judgment dismissing the complaint.

Order reversed, on the law, without costs or disbursements, motion granted and complaint dismissed, with prejudice.

The plaintiffs instituted this action to recover damages resulting from Mrs. Zigman's fall "over a broken-up, irregular portion of the roadway, curb and sidewalk" or "sewer fixture curb" leading to the defendant's municipal parking field. It is undisputed that the defendant did not receive prior written notice of this condition as required by Hempstead Town Code § 6-1 which governs "highway, bridge or culvert" defects or defective "town street and highways", and the Town Law, which governs defective sidewalks (Town Law § 65-a [2]) and "highway, bridge or culvert" defects (Town Law § 65-a [1]). Actual or constructive notice is sufficient under certain circumstances (Town Law § 65-a [1]). In opposition to the defendant's motion for summary judgment, the plaintiffs alleged, *inter alia,* that actual or constructive notice should suffice, since the statutory provisions requiring written notice do not include a "sewer fixture curb". Special Term denied the defendant's motion, determining that Town Law § 65-a (1) governed the action and that the plaintiff's allegations of actual and constructive notice raised issues of fact sufficient to defeat the defendant's motion.

We disagree.

It is settled law that requirements of written notice, such as those contained in Hempstead Town Code § 6-1, can be validly imposed by a municipality and supersede general provisions of the Town Law *(see, Holt v County of Tioga,* 56 NY2d 414; *Waring v City of Saratoga Springs,* 92 AD2d 1080; 1977 Opns St Comp. No. 77-433, at 91). Hempstead Town Code § 6-1 thus supersedes Town Law § 65-a (1), since they govern the same defects.

While the ordinance is to be strictly construed *(Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362), we are not required to give its words an "artificial, forced or unnatural meaning" *(Stratton v City of Beacon,* 91 AD2d 1018, 1019) and we conclude that the broken "curb" or "sewer fixture curb" leading to the defendant's parking lot is included within the meaning of the Town Code *(see, Stratton v City of Beacon, supra; Donnelly v Village of Perry,* 88 AD2d 764; *Skelly v Village of Port Chester,* 6 AD2d 717), which requires, as a condition precedent to maintaining the action, written notice of the defect.

In support of the defendant's motion for summary judgment, the town submitted an affidavit by the Town Commissioner of the Department of Highways which indicated that it had no record of any written notice with respect to the claimed defect. In opposition to the town's motion, it was incumbent upon the plaintiffs to come forward with proof indicating to the contrary, which would then have created an issue of fact and necessitated a trial *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065; *Abbatecola v Town of Islip,* 97 AD2d 780). The plaintiffs' statements that the town "maintain[ed] and clean[ed] the areas" in question is merely a "conclusory allegation" which seeks to circumvent the written notice condition *(see, Martin v City of Cohoes,* 37 NY2d 162; *Scherm v Town of N. Hempstead,* 45 AD2d 886, *appeal dismissed* 36 NY2d 841), and not a "bona fide issue raised by evidentiary facts" *(Rotuba Extruders v Ceppos,* 46 NY2d 223, 231). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Rubin, J. P., Lawrence, Eiber and Spatt, JJ., concur.