■ KEITH J. LAING, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant.—In a negligence action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Lerner, J.), entered June 6, 1986, as, upon the respondent's motion, dismissed the complaint insofar as it was asserted against it at the end of the plaintiff's opening statement.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff instituted this action to recover damages resulting from his fall over an allegedly raised section of sidewalk. The plaintiff contends that a tree inspection report of the New York City Department of Parks and Recreation pertaining to a homeowner's request for tree pruning which noted a cracked sidewalk is a "written acknowledgement from the city" of the defective sidewalk condition within the meaning of Administrative Code of the City of New York former § 394a-1.0 (d) (now § 7-201 [c]; hereinafter the Pothole Law).

Prior notice laws such as the provision at issue are to be strictly construed. Their words are not to be given an " 'artificial, forced or unnatural meaning' " *(Zigman v Town of Hempstead,* 120 AD2d 520, 521) nor given "a strained interpretation to defeat their obvious intent" *(Freeman v County of Nassau,* 95 AD2d 363, 364). The City Council's rejections of amendments proposing an intra-agency duty to inform the Commissioner of Transportation of defective sidewalk conditions directly contravenes the plaintiff's attempt to read such a duty into the law (Excerpt of City Council Stated Meeting, Nov. 15, 1979, at 20, 27-28, 34, 51, 58). Moreover,

paragraph 4 of the Pothole Law states that "[w]ritten acknowledgement shall be given by the department of transportation of all notices received by it" (Administrative Code § 7-201 [c] [4]). Where similar expressions are used in a statute, it is presumed that they are used in the same sense throughout, in the absence of an indication to the contrary (McKinney's Cons Laws of NY, Book 1, Statutes § 236; *see, Matter of Albano v Kirby,* 36 NY2d 526). In view of the language of paragraph 4, the tree inspection report is not "written acknowledgement from the city" of a defective sidewalk condition. Because the plaintiff has not satisfied the statutory condition precedent to maintaining his claim against the city *(see, Cipriano v City of New York,* 96 AD2d 817) and has not shown that this case presents an exception to the requirement *(see, Zigman v Town of Hempstead,* 120 AD2d 520, *supra),* his complaint was properly dismissed insofar as it was asserted against the city. Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.