■ GEORGE ENGLEHARDT, Respondent, v TOWN OF HEMPSTEAD, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the

Supreme Court, Nassau County (Ain, J.), dated October 23, 1986, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff alleges he sustained injuries when he fell because of a defective condition existing in the boardwalk located at a dock operated and owned by the Town of Hempstead and maintained as a public facility open free of charge. The defendant alleges that the plaintiff is precluded from maintaining this action because there was no prior written notification of the alleged defect. Chapter 6 of the Code of the Town of Hempstead provides that: "No civil action shall be maintained against the town of Hempstead or town superintendent of highways for damages or injuries to persons or property sustained by reason of any highway, bridge or culvert being defective * * * [or] any defective parking field, beach area, swimming or wading pool or pool equipment, playground or playground equipment, skating rink, or park property, no matter where situated * * * [or] any defect whatsoever in its traffic signs, sidewalks, walkways, footpaths or bicycle pathways * * * [unless prior] written notice of said defect [or obstruction] causing the injuries or damages was actually given to the town clerk or town commissioner of highways."

Legislative enactments requiring prior written notification cannot be expansively read (see, Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362). "However, that rule does not require that the words used be given an artificial, forced or unnatural meaning" (Stratton v City of Beacon, 91 AD2d 1018, 1019). The ordinance expressly relates to walkways and footpaths which, accorded their ordinary meanings, would include a boardwalk (see, Goldstein v City of Long Beach, 28 AD2d 558). In addition, a boardwalk over which the public has a general right of passage is within the meaning of the term "highway" (see, People v County of Westchester, 282 NY 224). Consequently, prior written notification of the alleged defect in the boardwalk located at the public dock was required for the plaintiff to maintain his personal injury action against the defendant.

In support of its summary judgment motion, the defendant submitted affidavits from town officials indicating that there was no record of any written notice with respect to the alleged defect. Consequently, it was incumbent upon the plaintiff to come forward with proof indicating to the contrary, which

would then have created an issue of fact and necessitated a trial *(see, Abbatecola v Town of Islip,* 97 AD2d 780; *Zigman v Town of Hempstead,* 120 AD2d 520). The plaintiff's statements, however, either fail to address the prior written notice requirement or consist of conclusory allegations which are insufficient to rebut the town officials' affidavits to the extent necessary to raise a triable issue of fact *(see, Stratton v City of Beacon, supra).* Mollen, P. J., Mangano, Rubin and Sullivan, JJ., concur.