■ MAE COHEN, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants.—In an action to recover damages for personal injuries, the defendant City of New York appeals from so much of an order of the Supreme Court, Kings County (Rader, J.), dated November 25, 1986, as granted the plaintiff's motion to strike its answer for failure to respond to the plaintiff's notice of discovery and inspection to the extent that it was ordered to index notices of claim by location.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion is denied, and the matter is remitted to the Supreme Court, Kings County, to determine the extent, if any, to which the document demands made in the plaintiff's notice of discovery and inspection were palpably improper.

The plaintiff commenced an action against the City of New York (hereinafter the appellant), the New York City Transit Authority and Passal Contracting Corp., alleging that on November 24, 1984, she was injured when she tripped and fell on a negligently maintained sidewalk. The plaintiff served a notice of discovery and inspection seeking production of, *inter alia,* accident reports, work permits, notices of defect, inspection and repair reports and notices of claim regarding the location of the incident. None of the defendants complied with

the document requests or sought a protective order. Thereafter, the plaintiff moved for an order striking the defendants' answers. The plaintiff claimed, essentially, that she was denied discovery due to the appellant's failure to index notices of claim by location. In opposing the motion, the appellant alleged that its failure was attributable to the impropriety of the discovery demands. The court ruled that "[p]laintiff['s] motion is granted to the extent that the [appellant] shall index notice[s] of claims regarding alleged sidewalk [and] roadway defects by location as per *Bair v City of [New York* (131 Misc 2d 734)]".

Administrative Code of the City of New York § 7-201 (c) (3) (formerly § 394a-1.0 [known as the "Pothole Law"]) provides that "[t]he commissioner of transportation shall keep an indexed record in a separate book of all written notices which the city receives * * * of the existence of such defective, unsafe, dangerous or obstructed conditions, which record shall state the date of receipt of each such notice, the nature and location of the condition stated to exist and the name and address of the person from whom the notice is received". Significantly, while this provision directs that the record of written notices shall be indexed, it provides no guidance concerning the method of indexing. Accordingly, a review of the guidelines set forth in the General Municipal Law is necessary *(see,* General Municipal Law § 50-f [4]).

General Municipal Law § 50-f (1) governs the recording of notices of claim. This section specifically states that each "municipal corporation and every such authority or commission shall make and keep a record, numbered consecutively and *indexed alphabetically according to the name of the claimant"* (emphasis supplied).

It is well established that a prior notice law is in derogation of the common law and must be strictly construed against the city *(Laing v City of New York,* 71 NY2d 912, *affg* 133 AD2d 339; *Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362, 365-366; *see, Englehardt v Town of Hempstead,* 141 AD2d 601). Nevertheless, we must not give the language of such a law an " 'artificial, forced or unnatural meaning' " *(Zigman v Town of Hempstead,* 120 AD2d 520, 521, quoting from *Stratton v City of Beacon,* 91 AD2d 1018, 1019) nor should it be subjected to "a strained interpretation to defeat [its] obvious intent" *(Freeman v County of Nassau,* 95 AD2d 363, 364).

In this case, we find that the court's order exceeded the bounds of the statutory provision at issue. This conclusion is supported by the Legislature's recent prospective amendment

of General Municipal Law § 50-f (1) (L 1987, ch 603, § 1) so as to include the requirement that should a notice of claim concerning a cause of action against the city for a defect to any "street, highway, bridge, culvert, sidewalk or crosswalk" be received, the city "shall keep an additional record of each such notice of claim indexed according to the location of the alleged [defect]".

Finally, we remit this matter to the Supreme Court, Kings County, to determine the extent, if any, to which the document demands made in the plaintiff's notice of discovery and inspection were palpably improper, since this issue has not yet been addressed by the Supreme Court. Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.