OPINION OF THE COURT
 

 Levine, J.
 

 Plaintiff commenced this personal injury action against the Town of Hempstead to recover for injuries sustained on a municipal paddleball court located at a Town beach area. The defendant Town moved for summary judgment on the ground that it had not been given prior written notice of any defective condition of the paddleball court as required by Town of Hempstead Code § 6-2.
 
 [1]
 
 In opposition, plaintiff argued that to the extent Hempstead Code § 6-2 required notice of defect in connection with paddleball court accidents, it was inconsistent with General Municipal Law § 50-e (4),
 
 [2]
 
 made applicable to
 
 *365
 
 towns pursuant to Town Law § 67, and therefore was beyond the Town’s authority to enact local laws. Supreme Court granted defendant’s motion and dismissed the complaint, perceiving no inconsistency between Hempstead Code § 6-2 and General Municipal Law § 50-e (4).
 

 The Appellate Division reversed and reinstated the complaint (190 AD2d 364), holding that while the two enactments were in fact inconsistent, the adoption of the local law fell within the Town’s authority to supersede State laws under Municipal Home Rule Law § 10 (1) (ii) (d) (3). Nonetheless, the Court ultimately found the local law invalid because of the Town’s failure to substantially comply with the procedural requirements of Municipal Home Rule Law § 22. The Appellate Division granted leave to appeal to this Court and certified the following question: "Was the order of this court dated June 1, 1993, properly made?” While we agree with the Appellate Division that the Town failed to comply with Municipal Home Rule Law §22, we affirm, and answer the certified question in the affirmative, primarily on another ground.
 

 I.
 

 The Municipal Home Rule Law authorizes every local government to adopt laws relating to its "property, affairs or government”, so long as those enactments are not inconsistent with the Constitution or any general law (Municipal Home Rule Law § 10 [1] [i]; see, NY Const, art IX, § 2 [c] [i]). Also, counties, cities, towns and villages can adopt local laws in 14 other enumerated instances, provided that the legislation is not inconsistent with the Constitution or any general law or prohibited by State law (Municipal Home Rule Law § 10 [1] [ii]; see, NY Const, art IX, § 2 [c] [ii]; see
 
 also, Kamhi v Town of Yorktown,
 
 74 NY2d 423, 428-429).
 

 Because defendant is a town, however, its enactment of a local law inconsistent with the Town Law may be permissible under Municipal Home Rule Law § 10 (1) (ii) (d) (3), which confers express authority on towns to amend or supersede provisions of the Town Law in relation to matters as to which they are otherwise authorized to adopt local legislation under the Municipal Home Rule Law, "unless the legislature expressly shall have prohibited the adoption of such a local law” (Municipal Home Rule Law § 10 [1] [ii] [d] [3];
 
 see, Kamhi v Town of Yorktown, supra,
 
 at 429-430). The general authority
 
 *366
 
 to enact notice of defect provisions has been held to fall under a local government’s power to legislate relating to "[t]he presentation, ascertainment, disposition and discharge of claims against it” (Municipal Home Rule Law § 10 [1] [ii] [a] [5];
 
 see,
 
 NY Const, art IX, § 2 [c] [ii] [5]) and "[t]he acquisition, care, management and use of its highways, roads, streets, avenues and property” (Municipal Home Rule Law § 10 [1] [ii] [a] [6];
 
 see,
 
 NY Const, art IX, §2 [c] [ii] [6];
 
 see also, Holt v County of Tioga,
 
 56 NY2d 414;
 
 Fullerton v City of Schenectady,
 
 285 App Div 545,
 
 affd
 
 309 NY 701). Since General Municipal Law § 50-e (4) is made applicable to towns pursuant to Town Law § 67,
 
 [3]
 
 the validity of Hempstead Code § 6-2 turns on whether it is inconsistent with General Municipal Law § 50-e (4) and, if so, whether the Legislature has expressly prohibited the adoption of such a local law so as to preclude the Town’s supersession of so much of Town Law §67 as incorporates General Municipal Law § 50-e (4).
 

 II.
 

 At the outset, we reject defendant’s primary contention on this appeal and agree with the conclusion of the Appellate Division that Town of Hempstead Code § 6-2 is in fact inconsistent with General Municipal Law § 50-e (4). The local law— to the extent that it requires prior notice of defect for accidents at a Town "parking field, beach area”, etc., as a condition precedent to the commencement of an action against the Town — is flatly inconsistent with the plain language of section 50-e (4) mandating that "[n]o other or further notice * * * shall be required as a condition to the commencement of an action”, subject to an exception for notices of defect for six specific kinds of locations, none of which is applicable here. Defendant’s proffered interpretation of this introductory clause of subdivision (4) as addressing only notices of claim and not notices of defect is belied by the Legislature’s reservation of the named notice of defect requirements as exempt from the "[n]o other or further notice” provision in the introductory clause. We can presume that the Legislature would not have deemed it necessary to except those enumer
 
 *367
 
 ated notice of defect provisions had it not intended notice of defect provisions to fall within the preceding general proscription
 
 (see,
 
 McKinney’s Cons Laws of NY, Book 1, Statutes § 213 ["when there is a prohibition in general words and a saving of particular things, there is a strong implication that what is excepted would have been within the prohibition if it had not been excepted, and so the prohibitory words may receive a more comprehensive construction than they would otherwise have received”]).
 

 Furthermore, we can only construe the Legislature’s enumeration of six, specific locations in the exception (i.e., streets, highways, bridges, culverts, sidewalks or crosswalks) as evincing an intent to exclude any others not mentioned
 
 (see,
 
 McKinney’s Cons Laws of NY, Book 1, Statutes § 240 ["where a statute creates provisos or exceptions as to certain matters the inclusion of such provisos or exceptions is generally considered to deny the existence of others not mentioned”]). Although, as defendant points out, the statute retains the validity of the excepted notice of defect provisions "where such notice now is, or hereafter may be, required by law”, the phrase "such notice” can only be interpreted as encompassing notices of defect at the six locations previously specified.
 

 Plainly then, Hempstead Code § 6-2, in extending the Town’s bar to the commencement of suit without prior notice of defect to defective conditions not within those authorized by General Municipal Law § 50-e (4), is inconsistent with that State law. As noted above, however, this inconsistency does not necessarily serve to invalidate the legislation if it can be found to fall within the Town’s supersession authority under Municipal Home Rule Law § 10 (1) (ii) (d) (3). That issue is dependent, in the first instance, on whether General Municipal Law § 50-e (4) expressly prohibits the adoption of local notice of defect laws pertaining to locations beyond the six enumerated therein
 
 (see,
 
 Municipal Home Rule Law § 10 [1] [ii] [d] [3];
 
 Kamhi v Town of Yorktown,
 
 74 NY2d 423, 430, n 2,
 
 supra),
 
 which we next address.
 

 III.
 

 We find the conclusion inescapable, contrary to the Appellate Division, that General Municipal Law 50-e (4), as made controlling over town notice statutes by Town Law § 67, does indeed contain an express prohibition against the adoption of the provisions of Hempstead Code § 6-2 requiring prior
 
 *368
 
 notice of defects at municipal locations other than the enumerated streets, highways, bridges, culverts, sidewalks or crosswalks. This express prohibition precludes the exercise of the Town’s supersession authority under Municipal Home Rule Law § 10 (1) (ii) (d) (3)
 
 (cf., Kamhi v Town of Yorktown, supra,
 
 at 430, n 2 [although inconsistency existed between local and State law, no express prohibition against the local law’s adoption existed to preclude supersession]).
 

 General Municipal Law § 50-e (4) contains clear, prohibitory language strictly limiting deviations from the notice requirements specifically set forth in that section, excepting only notice of defect provisions pertaining to the six enumerated locations. The statute does not merely omit a grant of authority to localities to require notice of defect at locations beyond the six specified
 
 (cf., Kamhi v Town of Yorktown, supra),
 
 but rather in unmistakable terms provides that "[n]o other or further notice * * * shall be required” beyond those permitted by its terms. The statute must be construed, therefore, as a flat prohibition not only of the Town’s enactment of any notice of claim provision other than that provided for in the statute, but also a prohibition of any notice of defect enactment pertaining to locations beyond the six specified. As the plain language of section 50-e (4) as incorporated into Town Law § 67 thus expressly prohibits a town’s adoption of a notice of defect law pertaining to locations other than those excepted in the statute, Hempstead Code § 6-2, to the extent that it pertains to locations other than streets, highways, bridges, culverts, sidewalks or crosswalks, is without the Town’s super-session authority under Municipal Home Rule Law § 10 (1) (ii) (d) (3). Therefore, the absence of prior written notice of defect was not a defense to plaintiffs suit arising out of the paddle-ball court accident.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
 

 Order affirmed, etc.
 

 [1]
 

 . Town of Hempstead Code § 6-2 provides as follows:
 
 "No civil action shall be maintained
 
 against the Town of Hempstead for damages or injuries to persons or property sustained by reason of any defective
 
 parking field, beach area, swimming or wading pool or pool equipment, playground or playground equipment, skating rink or park property,
 
 no matter where situated, being defective, out-of-repair, unsafe, dangerous or obstructed
 
 unless written notice of,
 
 by the witness to,
 
 the defective, unsafe, dangerous or obstructed condition
 
 of such parking field, beach area, swimming or wading-pool or pool equipment, playground or playground equipment, skating rink or park property was actually served upon the Town Clerk in accordance with § 6-4 hereof and there was a failure or neglect within a reasonable time after the giving of such notice to repair or remove the defect, danger or obstruction complained of. Under no circumstances shall the Town of Hempstead be liable for injuries or damages to persons or property due to defective conditions of the aforesaid town property in the absence of such prior written notice to the town of the existence of the defective condition causing said injuries or damages” (emphasis supplied).
 

 [2]
 

 . General Municipal Law § 50-e (4) provides as follows: "Requirements of section exclusive except as to conditions precedent to liability for certain defects or snow or ice.
 
 No other or further notice,
 
 no other or further service, filing or delivery of the notice of claim, and no notice of intention to commence an action or special proceeding,
 
 shall be required as a condition to the commencement of an action or special proceeding for the enforcement of the claim; provided, however, that nothing herein contained shall be deemed to dispense with the requirement of notice of the defective, unsafe, dangerous or obstructed condition of any street, highway, bridge, culvert, sidewalk or crosswalk, or of the existence of snow or ice thereon, where such notice now is, or hereafter may be, required by law,
 
 as a condition precedent to liability for damages or injuries to person or property alleged to have been caused by such condition, and the failure or negligence to repair or remove the same after the receipt of such notice” (emphasis supplied).
 

 [3]
 

 . Town Law § 67 provides in pertinent part: "1. Any claim including a claim specified in section sixty-five-a of this chapter which may be made against the town or town superintendent of highways for damages for wrong or injury to person or property or for the death of a person, shall be made and served in compliance with section fifty-e of the general municipal law.”