■ FRANCIS FITZPATRICK et al., Respondents, v KRISTIN R. BARONE, Defendant, and TOWN OF OYSTER BAY, Appellant. [626 NYS2d 220] —In an action, *inter alia,* to recover damages for personal injuries, the defendant Town of Oyster Bay appeals from an order of the Supreme Court, Nassau County (Kohn, J.), dated May 28, 1993, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action, *inter alia,* to recover damages for personal injuries sustained as a result of an automobile accident which allegedly was caused by the plaintiff's failure to observe a stop sign due to foliage which obstructed the view of the stop sign. The Town's motion for summary judgment was based on the assertion that Oyster Bay Town Code § 160-1 (c) requires that the Town receive prior written notice as a condition precedent to the maintenance of a civil action against the Town for an allegedly defective condition of a traffic sign. Oyster Bay Town Code § 160-1 (c) is in conflict with General Municipal Law § 50-e (4) to the extent it requires prior written notice with respect to defects claimed to exist in those categories of municipal property which cannot be classified as "street[s], highway[s], bridge[s], culvert[s], sidewalk[s], or crosswalk[s]" (General Municipal Law § 50-e [4]; *Walker v Town of Hempstead,* 84 NY2d 360). The provision in the Town Code relied upon by the Town is therefore invalid *(see, Walker v Town of Hempstead, supra; cf., Poirier v City of Schenectady,* 85 NY2d 310).

Furthermore, the defective condition which caused the accident in this case cannot be deemed to constitute a defect in a street or highway as those terms are used in General Municipal Law § 50-e (4). The presence of foliage in the vicinity of a stop sign cannot be considered a physical defect in a nearby street or highway *(see, Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362; *see also, Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917, 918; *DiSanto v Town of Islip,* 212 AD2d 500; *Torres v Galvin,* 189 AD2d 870). For these reasons, summary judgment was properly denied. Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.