■ CARMEN MENDES, Respondent, v WHITNEY-FLORAL REALTY CORP. et al., Defendants, and INCORPORATED VILLAGE OF FLORAL PARK, Appellant. [629 NYS2d 63] —In an action to re-

cover damages for personal injuries, the defendant Incorporated Village of Floral Park appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated February 18, 1994, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed insofar as it is asserted against the Incorporated Village of Floral Park.

The Village Code of the Village of Floral Park § 6-628 (hereinafter Village Code) states that "[n]o civil action shall be brought or maintained against [the village] for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk, [or] crosswalk * * * being defective [or] out of repair * * * unless written notice of the existence of such condition * * * had, prior to the happening of the event * * * actually been served upon the Village Clerk".

In support of its motion for summary judgment, the defendant Incorporated Village of Floral Park (hereinafter the Village) produced competent evidence to establish that it had not received "any written complaints pertaining to any condition of disrepair or defective condition in the Village parking lot located between Whitney Avenue and Tyson Avenue in Floral Park [the location of the plaintiff's accident] prior to December 26, 1990", the date of the plaintiff's accident. In opposition, the plaintiff attempted to create an issue of fact as to whether the Village had created the defect which allegedly caused her injuries by submitting the affidavit of a professional engineer who expressed the opinion, based on his inspection of the parking lot in question, that the alleged defect "exists because of the improper subsoil condition which had existed from the time the parking lot was installed". The Supreme Court denied the Village's motion. We reverse. On appeal the plaintiff argues that Village Code § 6-628 does not apply to the facts of this case because the parking lot where she was injured was not a highway under the statute.

We have previously held that the term highway, as it is commonly used in local laws and ordinances such as the one now under review, is broad enough to encompass within its scope those paved surfaces open to public automobile traffic which could more precisely be defined as parking lots (see, Stratton v City of Beacon, 91 AD2d 1018; see also, Englehardt v Town of Hempstead, 141 AD2d 601). The Court of Appeals, in Walker v

*Town of Hempstead* (84 NY2d 360, 367, *affg* 190 AD2d 364) held that highways are among the various kinds of municipal property with respect to which the Legislature has expressly authorized the enactment of local notice of defect laws or ordinances *(see,* General Municipal Law § 50-e [4]; *see also, Fitzpatrick v Barone,* 215 AD2d 351). The *Walker* Court did not, however, redefine the meaning of the term highway itself, and did not in any way overrule our previous holding in *Stratton v City of Beacon (supra).*

The Village has demonstrated its right to judgment as a matter of law by proving that it had not received prior written notice of the defective condition which allegedly caused the plaintiff's injuries.

In an effort to demonstrate the existence of a triable issue of fact, the plaintiff attempted to show that the Village itself may have created the defect. However, the affidavit of the engineering expert submitted by the plaintiff was "bereft of any * * * foundational facts" *(Browne v Big V Supermarkets,* 188 AD2d 798) and the opinion expressed in the affidavit was "conclusory and speculative" *(Gurzenski v Lirosi,* 210 AD2d 708). These conclusory allegations do not constitute competent evidence, and were insufficient to warrant denial of the Village's motion for summary judgment *(e.g., Michela v County of Nassau,* 176 AD2d 707; *Spearmon v Times Sq. Stores Corp.,* 96 AD2d 552). Bracken, J. P., Rosenblatt, Ritter, and Goldstein, JJ., concur.