■ THOMAS S. HUGHES, Appellant, v CITY OF NIAGARA FALLS et al., Respondents. [639 NYS2d 609]

Memorandum: Plaintiff was injured when he was struck by a decayed tree limb that had fallen from a tree alongside a street in the City of Niagara Falls. Supreme Court erred in granting the motion of defendant City of Niagara Falls (City) for summary judgment dismissing the complaint for failure to comply with a City Charter provision requiring prior written notice of a defective condition of a tree. We reject plaintiff's contention that the City's alleged failure to detect and remove the decayed tree limb before it fell constitutes affirmative negligence, rendering the City's prior written notice provision inapplicable (*see, Monteleone v Incorporated Vil. of Floral Park*, 74 NY2d 917, 918). We agree with plaintiff, however, that, to the extent that section 5.14 of the City Charter purports to impose a prior written notice requirement for a defective condition of a tree, it is invalid (*see, Walker v Town of Hempstead*, 84 NY2d 360, 367-368). We reject the City's argument that, because the tree is located within the right-of-way for the street, it should be treated as part of the

street for which prior written notice of a defective condition is properly required. Because prior written notice statutes are in derogation of the common law, they have been narrowly construed to refer to actual physical defects in the surface of a street or sidewalk (*see, Doremus v Incorporated Vil. of Lynbrook*, 18 NY2d 362, 365-366; *Torres v Galvin*, 189 AD2d 870, 871; *see also, Fitzpatrick v Barone*, 215 AD2d 351). This is not a case where a tree limb obstructed the sidewalk (*cf., Monteleone v Incorporated Vil. of Floral Park, supra; see also, Poirier v City of Schenectady*, 85 NY2d 310).

There is a question of fact whether the City had constructive notice of the decayed tree limb (*see, Harris v Village of E. Hills*, 41 NY2d 446; *cf., Ivancic v Olmstead*, 66 NY2d 349, *rearg denied* 66 NY2d 1036, *cert denied* 476 US 1117). (Appeal from Order of Supreme Court, Niagara County, Mintz, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wesley, Callahan and Boehm, JJ.