■ CRISTIAN AMARANTE, Appellant, v VILLAGE OF TARRYTOWN, Respondent. [640 NYS2d 619] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rosato, J.), entered March 7, 1995, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, a municipal parking lot falls within the scope of Village Law § 6-628 which, *inter alia,* requires prior written notice of a defective condition as a condition precedent to maintaining an action against a village arising from a sidewalk or highway defect (*see, Lauria v City of New Rochelle,* 225 AD2d 1013; *Mendes v Whitney-Floral Realty Corp.,* 216 AD2d 540; *Stratton v City of Beacon,* 91 AD2d 1018; *Ebert v Incorporated Vil. of Garden City,* 21 Misc 2d 607). The record supports the Supreme Court's finding that the defendant did not receive the requisite written notice of the alleged defective condition and there was no evidence that the defendant affirmatively created the condition. Thus, the defendant's motion for summary judgment was properly granted (*see, Bess v Village of E. Hampton,* 225 AD2d 511; *Zwielich v Incorporated Vil. of Freeport,* 208 AD2d 920; *Mollahan v Village of Port Washington N.,* 153 AD2d 881).

The plaintiff's assertion that the hole in which he fell was created by whoever paved the parking lot was without any evidentiary foundation and purely speculative and, therefore, was insufficient to raise a triable issue of fact as to whether the defendant created the condition (*see, Mendes v Whitney-Floral Realty Corp., supra*). Balletta, J. P., O'Brien, Ritter, Pizzuto and Altman, JJ., concur.