■ Arthur G. Taylor, Appellant, v County of Monroe, Respondent. [641 NYS2d 771] —Order and judgment unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Plaintiff was injured when he tripped over a metal sign sleeve protruding from a sidewalk in the City of Rochester. Defendant had installed the sign sleeve along with a "no parking" sign five years before plaintiff's accident, and the sign had been removed in the interim.

Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. As the moving party, defendant was obligated to submit proof in admissible form sufficient to demonstrate that it did not have notice of the dangerous condition as a matter of law (*see, Monroe v New York State Elec. & Gas Corp.*, 186 AD2d 1019, 1020). Although defendant established by proof in admissible form that it had no actual notice of the dangerous condition, it failed to establish by the conclusory statement of its attorney that it had no constructive notice (*see, Appleby v Webb*, 186 AD2d 1078).

We reject plaintiff's contention that there is a question of fact whether defendant's failure to detect the dangerous condition constitutes affirmative negligence, rendering the notice requirement inapplicable. That alleged failure was at most nonfeasance, not affirmative negligence (*see, Monteleone v Incorporated Vil. of Floral Park*, 74 NY2d 917, 918; *Hughes v City of Niagara Falls*, 225 AD2d 1059). We also reject plaintiff's further contention that no notice is required because the sign sleeve constituted a special use of the public sidewalk (*see, Poirier v City of Schenectady*, 85 NY2d 310, 314-315). (Appeal from Order and Judgment of Supreme Court, Monroe County,

Calvaruso, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.