■ MICHAEL H. DOHERTY et al., Respondents, v TOWN OF CLARKSTOWN, Appellant. [650 NYS2d 31] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated December 19, 1995, which granted the plaintiffs' motion to strike its fourth affirmative defense and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion to strike the defendant's fourth affirmative defense is denied, and the defendant's cross motion for summary judgment dismissing the complaint is granted.

The complaint alleged that as a result of the negligence of the defendant (hereinafter the Town), the injured plaintiff was caused to slip and fall on ice in a commuter parking lot owned by the Town.

Town Code § 188-1 (A) provides as follows: "No such action shall be maintained for damages or injuries to person or property sustained solely in consequence of the existence of snow or ice upon any highway, sidewalk, bridge or culvert, unless written notice thereof, specifying the particular place was actually given to the Town Clerk or Town Superintendent of Highways."

We have previously held that the term "highway", as it is commonly used in local laws and ordinances such as the one now under review, is broad enough to encompass within its scope those paved surfaces open to public automobile traffic which could more precisely be defined as parking lots *(see, Stratton v City of Beacon,* 91 AD2d 1018; *see also, Englehardt v Town of Hempstead,* 141 AD2d 601). In *Walker v Town of Hempstead* (84 NY2d 360, 367, *affg* 190 AD2d 364), the Court of Appeals held that highways are among the various kinds of municipal property with respect to which the Legislature has expressly authorized the enactment of local notice of defect laws or ordinances *(see,* General Municipal Law § 50-e [4]; *see also, Fitzpatrick v Barone,* 215 AD2d 351). This Court has held that the *Walker* Court did not, however, redefine the meaning of the term highway, and did not in any way overrule our previous holding in *Stratton v City of Beacon (see, Mendes v Whitney Floral Realty Corp.,* 216 AD2d 540).

The Town demonstrated its right to judgment as a matter of law by proving that it had not received prior written notice of the defective condition which allegedly caused the plaintiff's injuries, and the plaintiffs failed to produce evidentiary proof in admissible form establishing the existence of material questions of fact *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 326-327). Mangano, P. J., O'Brien, Pizzuto, Goldstein and Luciano, JJ., concur.