■ LEONARD LaRosa, an Infant, by His Parent and Natural Guardian, STEPHANIE LaROSA, et al., Respondents, v TOWN OF HEMPSTEAD, Appellant. [655 NYS2d 620] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Kohn, J.), dated May 1, 1996, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiffs brought the instant personal injury action to recover damages, *inter alia,* for injuries allegedly sustained by the infant plaintiff when he fell in a parking lot owned by the defendant Town of Hempstead (hereinafter the Town). The Town moved for summary judgment pursuant to Town of Hempstead Code § 6-1 on the ground that it had not received prior written notice of the alleged defect.

Town of Hempstead Code § 6-1 provides, in relevant part, that "[n]o civil action shall be maintained against the [Town] * * * for damages or injuries to persons or property sustained by reason of any highway * * * being defective * * * unless written notice of * * * such defective * * * condition of such highway * * * was actually served upon the town clerk * * * and there was a failure or neglect within a reasonable time after the giving of such notice to repair or remove the defect * * * complained of." Town of Hempstead Code § 6-2 contains a similar prior written notice requirement with respect to defective conditions at a "parking field, beach area, swimming or wading pool or pool equipment, skating rink or park property".

We agree with the Town's contention that prior written notice of the defective condition alleged in the instant case is a condition precedent to maintaining the instant action. This Court has repeatedly held that "the term highway, as it is commonly used in local laws and ordinances such as the one now under review, is broad enough to encompass within its scope those paved surfaces open to public automobile traffic which could more precisely be defined as parking lots" *(Mendes v Whitney-Floral Realty Corp.,* 216 AD2d 540, 541; *see, Doherty v Town of Clarkstown,* 233 AD2d 477; *Stratton v City of Beacon,* 91 AD2d 1018).

The plaintiffs' reliance upon *Walker v Town of Hempstead* (84 NY2d 360) is misplaced. Contrary to the plaintiffs' contention, in that case, the Court of Appeals did not hold that Town of Hempstead Code § 6-2 was invalid in its entirety. Rather, it held that Town of Hempstead Code § 6-2 was invalid "to the extent that it pertains to locations other than streets, highways, bridges, culverts, sidewalks, or crosswalks" *(Walker v Town of Hempstead, supra,* at 368). "The *Walker* Court did not, however, redefine the meaning of the term highway itself, and did not in any way overrule our previous holding in *Stratton v City of Beacon (supra)" (Mendes v Whitney-Floral Realty Corp., supra,* at 541-542). Since, as stated above, a parking field falls within the definition of highway for purposes of the statute, it follows that Town of Hempstead Code § 6-2 is valid insofar as it pertains to parking fields.

Nevertheless, we conclude that the court properly denied the Town's motion for summary judgment. On its motion, the Town was required to prove that it had not received prior written notice of the defective condition which allegedly caused the infant plaintiff's injuries *(cf., Mendes v Whitney-Floral Realty Corp., supra,* at 542; *Doherty v Town of Clarkstown, supra; Amarante v Village of Tarrytown,* 226 AD2d 488). The Town's evidence was insufficient in this regard, as it did not address whether the Town did or did not have prior written notice of the alleged defect. This insufficiency requires denial of the motion, regardless of the sufficiency of the plaintiffs' opposing papers *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.