OPINION OF THE COURT
Martin Schneier, J.
*721 During the trial of this personal injury action the court was required to interpret the meaning of the "written acknowledgement” prior notice provision of the New York City "Pothole Law” (Administrative Code of City of NY § 7-201 [c]). Written acknowledgement by an agency other than the Department of Transportation has never been approved by any court in this State.
The plaintiff firefighter was injured on December 31, 1991 when he fell on a depressed and broken sidewalk in front of his New York City firehouse. He thereafter commenced this personal injury action against the City of New York.
The commanders of the firehouse had previously filed written "Fire Department Buildings Unit Work or Repair Requisition” reports with the New York City Fire Department Buildings Unit describing the unsafe condition of the sidewalk and requesting the sidewalk be repaired. One report dated June 18, 1989, for example, stated, "Raised crack in sidewalk, on apron. Sidewalk needs to be broken up and new cement applied. This is a hazard to firefighters and civilians.” Another report dated July 24, 1991 read, "[F]ront of quarters and front sidewalk not even, sidewalk has sunk and cracked creating a tripping hazard for members and pedestrians”. The defendant moves to preclude the admission of these reports on the ground that they are not relevant to the question of whether the defendant had been provided with written notice as required by the Pothole Law.
The Pothole Law provides, in pertinent part, that "[n]o civil action shall be maintained against the city * * * in consequence of any * * * sidewalk * * * being out of repair, unsafe, dangerous or obstructed” unless the City has prior notice. (Administrative Code § 7-201 [c] [2].) Notice may be established in one of three ways: (1) prior written notice actually given to the City Commissioner of Transportation; (2) previous injury to persons and written notice to any City agency; or (3) "written acknowledgement from the city of the defective, unsafe, dangerous or obstructed condition”. (Administrative Code § 7-201 [c] [2].)
In Laing v City of New York (71 NY2d 912, 914 [1988]) the Court of Appeals ruled that a Parks Department tree inspection report that noted a cracked sidewalk was not a "written acknowledgement” because it could not be "considered an expression of the City’s awareness of an unsafe or defective sidewalk in need of repair.” In this case, the reports at issue were made for the express purpose of seeing to it that repairs *722 were effectuated and, therefore, admission of them conforms with the Court of Appeals ruling. This, however, does not end the inquiry.
The Appellate Division had, in its decision in Laing (133 AD2d 339 [2d Dept 1987]), ruled that a "written acknowledgement” must come from the Department of Transportation. The Court of Appeals expressly declined to reach this issue. Thus, the Appellate Division decision, by which this court is presumptively bound, is still applicable.
The Second Department had noted that paragraph (4) of the Pothole Law requires that "[w]ritten acknowledgement shall be given by the department of transportation of all notices received by it.” (Administrative Code § 7-201 [c] [4] [emphasis added].) The Court then applied the rule of construction that "[w]here similar expressions are used in a statute, it is presumed that they are used in the same sense throughout, in the absence of an indication to the contrary” (Laing v City of New York, 133 AD2d, supra, at 340 [citation omitted]). The Court concluded that because the term "written acknowledgement” was used in both paragraph (2) and paragraph (4), a written acknowledgement under either paragraph must be from the Department of Transportation.
Paragraph (2), however, states, "written acknowledgement from the city” (Administrative Code § 7-201 [c] [2] [emphasis added]). Arguably, this is an indication that paragraph (2) is to be interpreted differently than paragraph (4), which refers to the Department of Transportation. Moreover, the facts in this case favor the latter construction.
The purpose of prior notice statutes is to limit liability to cases where the municipality has been given actual notice and an opportunity to correct the hazardous condition (see, Poirier v City of Schenectady, 85 NY2d 310, 314 [1995]).
In Laing v City of New York (supra) the notice of a cracked sidewalk was contained in a tree inspection report. Because this report was not made for the purpose of having the sidewalk fixed, it would contravene the Pothole Law if it were used as the basis of liability. In this case, the report was made directly to the agency responsible for making the repairs and it is unlikely that a report to the Department of Transportation would have made any practical difference. Thus, restricting the written acknowledgement clause to acknowledgements made by the Department of Transportation only would, in this case, allow the City to escape liability for a condition of which it had effective notice and ample opportunity to correct.
*723 Accordingly, under these facts, the court found that the Fire Department reports were admissible to establish a written acknowledgement by the City.