■■■ THOMAS M. HUGHES, Respondent, v CITY OF NIAGARA FALLS, Appellant, et al., Defendant. [666 NYS2d 534] —Order unanimously affirmed with costs. Memorandum: This matter was previously before our Court on an appeal from an order granting the motion of defendant City of Niagara Falls (City) for summary judgment (*Hughes v City of Niagara Falls*, 225 AD2d 1059). We reversed and reinstated the complaint on the ground that the prior written notice requirement of the City Charter, relied upon by the City, was invalid and on the further ground that "[t]here is a question of fact whether the City had constructive notice of the decayed tree limb" (*Hughes v City of Niagara Falls, supra*, at 1060). The City then made a second motion for summary judgment on the ground that its conduct was not the proximate cause of plaintiff's injuries. Supreme Court properly denied that motion. We have repeatedly stated that successive summary judgment motions "should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause" (*Marine Midland Bank v Fisher*, 85 AD2d 905, 906). The issue of proximate cause is generally for the finder of fact to resolve (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784). Furthermore, the City failed to offer a sufficient excuse for fail-

ing to raise the issue of proximate cause on its prior motion. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Wisner, Callahan and Boehm, JJ.