■ TIMOTHY CULLIPHER, Appellant, v TRAFFIC MARKINGS, INC., Respondent, and MICHAEL E. NILES, II, Appellant. (Appeal No. 1.) [689 NYS2d 877] —Judgment unanimously reversed on the law without costs, motion denied and complaint and cross claims reinstated. Memorandum: Supreme Court erred in granting the motion of defendant Traffic Markings, Inc. (Traffic Markings) for summary judgment dismissing the complaint and cross claims against it. On August 19, 1992, several employees of Traffic Markings were working at the intersection of Route 92 and Woodchuck Hill Road repainting the traffic lanes. Defendant Michael E. Niles, II, who was operating his vehicle eastbound on Route 92, maintains that an employee of Traffic

Markings directed him into the left turn lane. Plaintiff, who was proceeding westerly on Route 92, collided with the Niles vehicle. We conclude that plaintiff and Niles have raised a triable issue of fact whether the conduct of Traffic Markings at the intersection under its control was a proximate cause of the accident (*see, Murphy v Omer Constr. Co.,* 242 AD2d 964, 966). The issue of proximate cause is generally for the finder of fact to resolve (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315, *rearg denied* 52 NY2d 784; *Hughes v City of Niagara Falls,* 245 AD2d 1118). (Appeals from Judgment of Supreme Court, Onondaga County, Mordue, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.