■ MARY MADTES, Appellant, v TOWN OF BROOKHAVEN et al., Defendants, and SUFFOLK COUNTY WATER AUTHORITY, Respondent. [713 NYS2d 83] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Hall, J.), dated March 18, 1999, which granted the motion of the defendant Suffolk County Water Authority for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when a portion of Vidoni Drive in the Town of Brookhaven collapsed underneath her car. She contends that a fire hydrant, which was owned by the Suffolk County Water Authority (hereinafter the SCWA), was used by a contractor without the authorization of the SCWA, in connection with repairs being done on Route 25A which is adjacent to Vidoni Drive. The plaintiff contends that the contractor's improper use of the hydrant undermined the roadway.

On its motion for summary judgment, the SCWA established, prima facie, that it had not issued any permits for use of the subject fire hydrant by construction companies and that it had no notice of the alleged unauthorized use of the hydrant. In opposition to the motion, the plaintiff failed to present evidence sufficient to raise a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557). Moreover, we agree with the Supreme Court that, in the absence of an expert's affidavit, the plaintiff's claim that the SCWA created a dangerous condition by failing to install a locking device on the hydrant was entirely speculative (*see, Mendes v Whitney-Floral Realty Corp.,* 216 AD2d 540). O'Brien, J. P., Sullivan, Altman and H. Miller, JJ., concur.