■ THOMAS GELLOS, Appellant, v TOWN OF HEMPSTEAD, Respondent. [725 NYS2d 397] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Franco, J.), dated August 29, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Prior written notice of an alleged defective condition in a parking field is a condition precedent to commencing a personal injury action against a municipal defendant (*see, LaRosa v Town of Hempstead,* 237 AD2d 579; *Mendes v Whitney-Floral Realty Corp.,* 216 AD2d 540; *Stratton v City of Beacon,* 91 AD2d 1018). Under Town of Hempstead Code § 6-1, no civil action shall be maintained for damages sustained by reason of any defective highway condition, including one allegedly existing in a parking field, unless prior written notice of such condition is served upon the Town (*see, LaRosa v Town of Hempstead, supra; Mendes v Whitney-Floral Realty Corp., supra; Stratton v City of Beacon, supra*).

Contrary to the plaintiff's contention, the Supreme Court properly determined that he failed to plead or prove prior written notice. A generalized complaint about the parking field more than a year before the incident did not place the Town on notice of the instant alleged defect (*see generally, Damante v Town of Hempstead,* 227 AD2d 433). Moreover, the description in the plaintiff's notice of claim, which was rejected by the Town, failed to describe the accident location with sufficient particularity (*see, Markotsis v Town of Oyster Bay,* 261 AD2d 451; *Earle v Town of Oyster Bay,* 247 AD2d 357; *Thomas v Town of Oyster Bay,* 190 AD2d 731). Krausman, J. P., Florio, Feuerstein and Cozier, JJ., concur.