■ ROSE TUZZOLO et al., Appellants, v TOWN OF HEMPSTEAD, Respondent, et al., Defendant. [738 NYS2d 692] —In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Davis, J.), dated April 30, 2001, which granted the motion of the defendant Town of Hempstead for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

Prior written notice of an alleged defective condition in a parking field may be required by a municipality as a condition precedent to commencing a personal injury action against it

(*see, Gellos v Town of Hempstead,* 284 AD2d 370; *LaRosa v Town of Hempstead,* 237 AD2d 579; *Mendes v Whitney-Floral Realty Corp.,* 216 AD2d 540; *Stratton v City of Beacon,* 91 AD2d 1018). Under Town of Hempstead Code § 6-1, no civil action shall be maintained for damages sustained by reason of any defective highway condition, including one allegedly existing in a parking field, unless prior written notice of such condition is served upon the Town (*see, Gellos v Town of Hempstead, supra; LaRosa v Town of Hempstead, supra; Mendes v Whitney-Floral Realty Corp., supra; Stratton v City of Beacon, supra*). Town of Hempstead Code § 6-2 contains similar prior written notice language with respect to defective conditions at a parking field and certain other locations.

The plaintiffs' contention that *Walker v Town of Hempstead* (84 NY2d 360) invalidated the prior written notice requirement of Town of Hempstead Code § 6-2 is misplaced. The holding in Walker did not invalidate Town of Hempstead Code § 6-2 in its entirety. Rather, it held that Town of Hempstead Code § 6-2 was invalid only "to the extent that it pertains to locations other than streets, highways, bridges, culverts, sidewalks or crosswalks" (*Walker v Town of Hempstead, supra* at 368).

This Court has repeatedly held that the term "highway" incorporates parking lots (*see, Mendes v Whitney-Floral Realty Corp., supra* at 541-542; *LaRosa v Town of Hempstead, supra; Stratton v City of Beacon, supra*). This Court has also held that the Court of Appeals in Walker did not overrule our previous holdings in this regard (*see, Mendes v Whitney-Floral Realty Corp., supra*). Since "a parking field falls within the definition of highway for purposes of the statute, it follows that Town of Hempstead Code § 6-2 is valid insofar as it pertains to parking fields" (*LaRosa v Town of Hempstead, supra* at 580).

The plaintiffs failed to raise any triable issue of fact that the Town caused or created the allegedly defective condition (*see generally, Zuckerman v City of New York,* 49 NY2d 557; *D'Meza v City of New York,* 286 AD2d 471).

The plaintiffs' remaining contentions are without merit. Prudenti, P.J., Santucci, Florio and Friedmann, JJ., concur.