■ ERIC PETERS et al., Appellants, v CITY OF WHITE PLAINS et al., Respondents. [872 NYS2d 502]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered October 15, 2007, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that order is affirmed, without costs or disbursements.

The plaintiff Eric Peters alleged that he slipped and fell on a ramp in a public parking garage leased and maintained by the

City of White Plains. He alleged that the surface of the ramp was wet, uneven, and pitted. The defendants City of White Plains and White Plains Parking Authority (hereinafter the defendants) moved for summary judgment alleging that there was no prior written notice of the defect as required by Charter of the City of White Plains § 277.

Contrary to the plaintiffs' contention, the Charter requirement that there be prior written notice of a defect in a parking garage in order to maintain an action against the City complies with General Municipal Law § 50-e (4) (*see Walker v Town of Hempstead,* 84 NY2d 360 [1994]). A public parking garage, like a parking lot, falls within the definition of a highway and is one of the areas in which the General Municipal Law permits a local government to require notice of defective conditions (*see Walker v Town of Hempstead,* 84 NY2d at 366, 367; *Mendes v Whitney-Floral Realty Corp.,* 216 AD2d 540, 542 [1995]).

The defendants met their burden of establishing entitlement to summary judgment by demonstrating that the City did not have prior written notice of the defects alleged by the plaintiffs. In opposition, the plaintiffs failed to submit evidence that raised a triable issue of fact. Accordingly, summary judgment was properly awarded to the defendants (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). Prudenti, P.J., Dillon, Eng and Leventhal, JJ., concur.